PIONEER SAVINGS & LOAN CO. *vs.* CHARLES BARTSCH *et al.*

Submitted on briefs Nov. 23, 1892.    Decided Dec. 2, 1892.

**Bond Conditioned to Keep a Mortgage Paramount to Mechanics'
Liens.**

B., having negotiated a loan from P., to be secured by mortgage on
premises upon which he had agreed with P. to erect a certain building,
executed to P. a bond with sureties, conditioned to keep and maintain P.'s
mortgage the first and paramount lien on the premises.    *Held*, that this
condition was merely a general contract of indemnity against paramount
liens.

**Judgment against Two not Evidence of the Rights between Them.**

In an action brought by M. against B. and P. to enforce a lien on the
premises for material furnished B. for the construction of the building,
and in which neither B. nor P. appeared or answered, judgment was ren-
dered by default against B. personally, and the same declared a lien on
his interest in the premises, and that such lien was prior to that of P.'s
mortgage.  P. never requested B. to assume its defense of the suit.  *Held*,
that in an action on the bond the judgment in the other action was not
evidence against B. or his sureties that M.'s lien was prior to the lien of
P.'s mortgage, B. and P. not being adversary parties in that action.

Appeal by the plaintiff, the Pioneer Savings and Loan Company
from an order of the District Court of Hennepin County, *Hooker*, J.,
made March 26, 1892, granting the defendants Charles G. Hillman
and Herman Vogt a new trial.

On June 2, 1890, the plaintiff, a corporation, loaned to defendant
Charles Bartsch $10,000, and as security for its repayment took his
note and a mortgage made by him and his wife upon a lot in Baker's
Addition to St. Anthony.    Bartsch at the same time gave the plain-
tiff a bond executed by himself as principal and by Charles G. Hill-
man, Herman Vogt and Harriet F. R. Burnette as sureties in the
penal sum. of $10,000, conditioned to be void if Bartsch should
within four months thereafter complete a certain building on the
mortgaged premises, and pay all claims for labor and materials
used, and keep and maintain the plaintiff's mortgage the first and
paramount lien on the lot and building, and pay plaintiff any mon-

eys it should pay by reason of mechanics' liens thereon or for expenses or trouble in the matter.

Afterwards, on January 23, 1891, the Minneapolis Glass Company filed a mechanic's lien on the property for $219.80 and interest, for glass furnished Bartsch, and used in constructing the building.    On February 20, 1891, the Glass Company commenced an action in the District Court of Hennepin County against Bartsch and wife and this plaintiff to foreclose the lien.    They were all three personally served with the summons in that action, and such proceedings were had that on March 21, 1891, judgment was entered, on default of any answer in the case, against Bartsch for $239.07, and decreed to be a first lien on the property and ordering it sold to pay the judgment.    The Pioneer Savings and Loan Company gave no notice of the pendency of that action to the sureties in the bond, nor did it ask Bartsch to defend the action or protect its interests, but on March 28, 1891, it paid the judgment and brought this action upon the bond to recover the money so paid.

Hillman and Vogt answered that they had no notice or knowledge of the mechanic's lien or of the action to foreclose it, and denied that it was paramount to the lien of the mortgage.    The issues were tried before the court without a jury October 12, 1891. The plaintiff offered in evidence the judgment roll in the case of the Minneapolis Glass Company against it and Bartsch.    The defendants objected, but it was received and they excepted.    Plaintiff gave no other evidence of the mechanic's lien or of its being paramount to the lien of its mortgage.    When the evidence was all in, the defendants Hillman and Vogt moved the court to dismiss the action on the ground that notice of the pendency of the former action was not given them, and on the ground that the value of the materials furnished by the Glass Company had not been shown, and that the evidence was not sufficient to sustain a judgment against them.    Their motion was overruled, and they excepted.    The court made findings and ordered judgment for the plaintiff for $239.07 and interest and costs.

The defendants Hillman and Vogt moved the court on a case con-

taining all the evidence for a new trial, which was granted and plaintiff appeals.

*Geo. D. Emery,* for appellant.

*Geo. F. Edwards,* for respondents.

A judgment against the principal in a bond of this nature without notice to the sureties of the pendency of the action is not evidence against the sureties. *McKellar* v. *Bowell,* 4 Hawks, 34; *Morris* v. *Lucas,* 8 Blkf. 9; *King* v. *Norman,* 4 C. B. 884; *Gilinan* v. *Strong,* 64 Pa. St. 242; *Johnson* v. *Thompson,* 4 Bibb, 294; *Stephens* v. *Shafer,* 48 Wis. 54; *DeGreiff* v. *Wilson,* 30 N. J. Eq. 435; *Bridgeport Ins. Co.* v. *Wilson,* 34 N. Y. 275; *Binsse* v. *Wood,* 37 N. Y. 526; *Huzzard* v. *Nagle,* 40 Pa. St. 178.

MITCHELL, J.   It seems to us that the determination of this appeal hinges upon the single question whether the judgment in a previous action by the Minneapolis Glass Company against one Bartsch and the present plaintiff was evidence against the present defendants of anything except the fact of its recovery; for, if it was, we think it would be conclusive evidence against them of every fact necessary to be found in order to recover such a judgment.

Bartsch was negotiating for a loan of money from the present plaintiff, to be secured by mortgage on certain real estate, and, as an inducement to plaintiff to make the loan, agreed to erect and complete on the premises a certain building, the construction of which, it is fairly inferable from the language of the bond hereinafter described, had been already commenced; but, as the real estate and building might be or might become holden and liable for liens and claims of mechanics and others, the plaintiff exacted of Bartsch a bond executed by himself as principal and the other defendants as sureties, conditioned that Bartsch should erect and complete the building within a specified time, and pay or cause to be paid all bills, claims, and demands of laborers, material men, and others for labor performed and materials furnished for such building, and used therein, which were then, or which might become, liens on said real estate or the building thereon, and "*should keep and maintain the security or*

*mortgage (to the plaintiff) the first and paramount lien on said real estate, building, and improvements thereon,*" and pay and reimburse the plaintiff for all moneys paid out in said matter or by reason of said claims, liens, etc., and reimburse it for all expenses incurred, moneys paid out, and for all time, trouble, and work in and about said matters performed by any of its officers, agents, or employes. Thereupon the plaintiff made the loan secured by mortgage and recorded June 2, 1890, and Bartsch proceeded with the construction of the building. Subsequently the Minneapolis Glass Company commenced an action against Bartsch and the present plaintiff to enforce a lien upon the premises for glass alleged to have been furnished to Bartsch in September and October, 1890, for the construction of the building. The relief sought in that action was for personal judgment against Bartsch, and that such judgment be declared a lien on his interest in the premises, and that such lien be adjudged paramount and prior to the lien of the present plaintiff's mortgage. Neither Bartsch nor the present plaintiff appeared or answered in that action, which resulted in a judgment on default, in accordance with the allegations and prayer of the complaint. These sureties had no notice of that action, nor, so far as appears, did the present plaintiff ever request Bartsch to defend the action in its behalf. Plaintiff, having paid the amount of the judgment in favor of the glass company, brought this action on the bond, and, as evidence of a breach of its condition, introduced merely the record in the other action. There is perhaps no subject upon which the courts are more at sea than the law in relation to the effect of a judgment against a principal for the purpose of charging a surety.

Of course every one is familiar with the rule that, as against any one except the parties and their privies, a judgment is evidence only of the fact of its recovery. What are sometimes called exceptions to this rule are not exceptions, but do not fall within the rule at all, depending, solely, upon the principle that one may contract to be answerable to another upon such lawful conditions as he pleases. Hence, if a surety stipulates for any particular method by which the liability of his principal or of himself shall be fixed, he is bound by

it. If he has undertaken, either expressly or by implication from the position which he has assumed with reference to pending litigation, to be responsible for the result of a suit between others, to which he is not a party, and to which he has not been made privy by notice and an opportunity to defend, then, in the absence of fraud and collusion, the judgment against the principal alone would be conclusive evidence against him of every fact which it was necessary to find to recover such a judgment. This would be because he had so contracted. In the absence of such agreement, express or implied, it would be as to him *res acta inter alios*, and evidence of nothing except the fact of its recovery. There would seem to be no middle ground, and it is consequently very difficult to sustain on principle that numerous class of cases which hold certain judgments against the principal *prima facie*, but not conclusive, evidence that the facts *in pais* against which the surety agreed to indemnify were established in the suit.

In every case the important question is: What are the terms of the surety's contract? What has he undertaken to indemnify his covenantee against? On what contingency has he agreed that his liability shall be fixed? But we have no occasion to go into any extended discussion of this subject, for the reason that we are satisfied that, under the facts, the determination in the other suit that the glass company's lien was prior to that of plaintiff's mortgage is not *res adjudicata*, even as to Bartsch. If it is, it must be by virtue of the covenant in the bond, to the effect that Bartsch should keep and maintain plaintiff's mortgage the first and paramount lien on the premises. It seems plain to us, in view of the general purpose of the bond, as well as of its other provisions, that this must be construed as being a mere general contract of indemnity against paramount liens, and not an undertaking to be bound by the result of any actions brought against plaintiff by third parties claiming paramount liens, or to assume the defense of such actions in the absence of any request by plaintiff for him to do so. Hence, if Bartsch has not created any paramount lien, there has been no breach of the condition of the bond. The mere fact that Bartsch was a party de-

fendant in that suit does not render the determination of that issue between the glass company and the present plaintiff *res adjudicata* as to him.

It is well settled that parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action. Freem. Judgm. § 158. Now while the present plaintiff and Bartsch were made defendants in the other suit, they were not adversary parties, and there were no issues between them that could have been tried in that action. The issue tendered to Bartsch by the complaint was that he owed the glass company a certain amount, and that it was a lien on his interest in the premises. The additional issue tendered to the present plaintiff was that this lien was prior to the lien of the mortgage. Bartsch might have had no defense, and yet on the issue of priority of liens the present plaintiffs have had a perfect defense. Bartsch had no issue with either the glass company or the present plaintiff as to which was the prior lien. That issue was entirely between it and the glass company. Neither had Bartsch any right, in the absence of a request on part of the present plaintiff, to assume the control of its defense to the action. It is unquestionably true that, as between the glass company and the present plaintiff, the judgment is conclusive that the lien of the former is prior to the mortgage of the latter; but that was not in controversy between plaintiff and Bartsch. If plaintiff had desired to make the judgment as to that matter binding on Bartsch, it should have notified him to assume the defense of the action in its behalf. This it would have had a right to do by reason of his contract of indemnity against paramount incumbrances. If he had declined to do so, the judgment would have been conclusive against him. Whether it would have been conclusive on his sureties without notice to them also we need not inquire.

Our conclusion is that in this or any other subsequent controversy between plaintiff and Bartsch, whether on this bond of indemnity or upon covenants of title in the mortgage, as to whether the lien of the glass company was prior to that of plaintiff, the judgment in the former action is not only not conclusive, but is not evidence at all; and, if not against Bartsch, of course not against these respondents,

his sureties. This renders it unnecessary to consider any other points in the case.

Order affirmed.

(Opinion published 53 N. W. Rep. 764.)

