EUGENE L. MERRILL v. ST. PAUL CITY RAILWAY
COMPANY AND ANOTHER.[1]

February 25, 1927.

No. 25,793.

**When directed verdict in favor of one defendant is not conclusive between him and his codefendant.**

1. In an action for tort against two defendants charged with concurrent negligence, a directed verdict in favor of one is not res adjudicata as between them.

Adverse parties are those who, by the pleadings, are arrayed on opposite sides.

**Harmless error.**

2. Failure to charge that the plaintiff had the burden to show that he was injured was, upon the record, harmless.

[1]Reported in 212 N. W. 533.

**Failure of injured person to call certain of his attending physicians does not entitle defendant to a charge concerning it.**

3. In a personal injury action, plaintiff's failure to call as witnesses the doctors who first attended him does not entitle defendant to an instruction that such failure permits the jury to indulge in the presumption that their testimony would have been unfavorable to plaintiff.

**Verdict not excessive.**

4. Upon the facts stated in the opinion a verdict for $2,045 is not excessive.

Appeal and Error, 4 C. J. p. 1048 n. 76; p. 1051 n. 96; p. 1052 n. 5.

Damages, 17 C. J. p. 1103 n. 49.

Evidence, 22 C. J. p. 1116 n. 92.

Judgments, 34 C. J. p. 982 n. 16; p. 984 n. 36; p. 1031 n. 4.

Trial, 38 Cyc. p. 1743 n. 23.

See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

Defendant Arthur M. Bowen appealed from an order of the district court for Ramsey county, R. D. O'Brien, J., denying his alternative motion for judgment or a new trial. Affirmed.

*Bundlie & Kelley,* for appellant.

*Samuel A. Anderson* and *C. J. Menz,* for respondents.

WILSON, C. J.

Defendant Bowen appealed from an order denying his alternative motion for judgment non obstante or for a new trial.

Appellant drove an automobile south on Wabasha street in St. Paul. When crossing Sixth street he was on the right and near the front end of a street car traveling in the same direction. A truck was parked at the right-hand curb of Wabasha street a short distance south of Sixth street. Plaintiff had parked his car immediately in front of the truck. The street was narrow and appellant was in a position where the street car prevented him from turning to the left sufficiently to pass the truck. His car came in contact with the street car and struck the rear of the truck driving it against

plaintiff's automobile at a time when he, plaintiff, had the door open and was leaning out looking back for approaching vehicles before leaving the curb. The collision threw him from the car causing certain injuries. Plaintiff charged defendants with concurrent negligence. The court directed a verdict for defendant street railway company and the jury returned a verdict against appellant for $2,045.

1. Appellant served notice of motion and appeal on counsel for codefendant also and claims the right to contest the propriety of the directed verdict. This claim rests upon the theory that appellant was prejudiced by an erroneous ruling because it took from him the right of contribution since the record discloses neither moral turpitude nor wilful or conscious wrong between the defendants who may be adjudged joint tortfeasors. Underwriters at Lloyd's v. Smith, 166 Minn. 388, 208 N. W. 13. This contention rests on the assertion that the directed verdict is an adjudication of the question of negligence between the codefendants. Each answered, denied negligence and claimed the other's negligence was the proximate cause of plaintiff's injuries. The defendants offer evidence to sustain their respective claims. But why? Because they were litigating an issue between themselves? No. Because they were offering matter in defense of plaintiff's claim. The only issue is between plaintiff and each of the defendants, who were made parties at the will of plaintiff who could have dismissed as to either and the other could not have been heard to complain. The codefendants were not in law adverse parties simply because they were not by the pleadings arrayed on opposite sides. The fact that each sought to escape liability by attempting to fasten the blame upon the other does not make them adverse parties. We are of the opinion that the judgment resulting from the directed verdict is not res adjudicata in an action for contribution prosecuted by appellant. We are sustained by Bakula v. Schwab, 167 Wis. 546, 168 N. W. 378, where the consequences of a contrary holding are discussed. Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 479, 53 N. W. 764, 38 Am. St. 511; Kausch v. C. & M. Elec. Ry. Co. 176 Wis. 21, 186 N. W. 257. It follows that we are not required to pass upon the merits of the directed verdict.

2. The court charged the jury that the burden was upon the party claiming negligence to prove the same by a fair preponderance of the evidence. Throughout the charge the court seemingly assumed that plaintiff suffered an injury in the accident. Appellant's counsel pointed out the oversight and the court said:

"Counsel calls my attention to the charge in relation to the burden of proof being upon the party claiming negligence and injuries and damages, to prove the same by a fair preponderance of the evidence, which means the evidence must weigh more heavily in favor of the party claiming the same."

The court should have charged the jury that plaintiff had the burden of proof to show he was injured. Perhaps the language above quoted was sufficient. But there is another controlling feature which renders such error harmless. Plaintiff's testimony as to how he suffered the injury is practically undisputed. The testimony of some witnesses that they did not see him fall is negative. The attention of some, if not all, was naturally directed to the collision. We see no opportunity for the jury to have found differently, if the error had not been made.

3. Plaintiff was a locomotive engineer employed by the Northern Pacific railroad. The day after the injury he went to Dr. Joesting of the staff of the Northern Pacific Beneficial Association for medical attention. One Dr. Shillington of the same clinic took an X-ray of the injured hand. Upon the trial neither of these doctors was called as a witness but Dr. Ude of the same clinic and Dr. Drechsler were called as medical experts.

Appellant assigns as error the refusal of the court to instruct the jury that plaintiff's failure to call these physicians as witnesses permitted the jury "to indulge in the presumption that the testimony of the attending physicians if introduced would not have been favorable to * * * plaintiff's contention as to the nature and extent of the injuries he alleges resulted by reason of said accident."

An instruction of this character as to nonexpert witnesses who may be under the control of a party may be given in the discretion of the trial court. Knott v. Hawley, 163 Minn. 239, 203 N. W. 785.

Such an instruction should be given only after the exercise of caution. Carter v. Duluth Yellow Cab Co. supra, page 250. The supreme court of Michigan has announced the rule substantially as urged by appellant. Cooley v. Foltz, 85 Mich. 47, 48 N. W. 176; Vergin v. City of Saginaw, 125 Mich. 499, 84 N. W. 1075. We are not disposed to adopt it. Many doctors are called to attend injured persons in the first instance ex necessitate and with no opportunity for choice. The relation of physician and patient is delicate. Embarrassment sometimes follows a change of doctors. The doctor first called may not have the same opinion as to diagnosis or treatment as some other doctor. The patient makes his own choice as to whose opinion or judgment he will follow. Because one physician commands large compensation for expert testimony a patient may find it necessary to get along with one whose charges are more moderate. It is also well known that some doctors abhor the court room and the witness stand. A doctor is not in the control of the patient who is a litigant. Any litigant should have the right to choose his experts. He has to pay them. Because doctors disagree should he be required to furnish expert testimony of each or be subjected to an unfavorable presumption in the eyes of the jury? If the doctor is to be forced upon the plaintiff as to the mere facts, why not every eye-witness to the accident? True, the privileged character of the witness may prevent the other side calling him. But they will not anyway if he maintains that silence which the proprieties of his profession dictate. Nor would the ordinary doctor desire to become a witness against his patient. In this age when the family doctor with his helpful personal contact is disappearing and many doctors are members of clinics, it is not always possible to have the services of the particular doctor you may desire. The organization assigns the patient to an expert of its own choice and doubtless feels that it is giving service. And why not? If the patient has the attention of a number of doctors of the same clinic, under the rule for which appellant contends each must be called or this instruction be invoked. Under our practice a litigant is given an opportunity to examine an injured plaintiff. Without a direct instruction from the court relative to such absent witnesses, de-

fendants' advocate has an opportunity to make an effective argument to the jury concerning such failure of plaintiff. Ordinarily the permissible argument to the jury would be more favorable to defendant than to have such witnesses called. An instruction to the jury involving presumptions is frequently more harmful than helpful. It should be given only when the facts and circumstances demand it.

4. It is claimed that the verdict is excessive and was given under the influence of passion and prejudice. Plaintiff, 42 years old, was a locomotive engineer earning $10 per day. He lost nine days. He had a property damage to his car of $45. His doctors were paid by the association of which he was a member. Plaintiff suffered pain at the time of injury to his hand which consisted of a fracture of a small particle of bone on the proximal end of the second metacarpal bone, which in healing produced an over-growth of bone and on hardening constituted an exostosis. This causes a painful sensation whenever he uses his hand. Plaintiff was left-handed. A locomotive engineer's work requires much use of the left hand. The injury occurred September 15, 1925. The trial was April 14, 1926, at which time plaintiff still had pain in his hand every time he attempted to use it. This deformity and pain are permanent. The bony growth may be removed only by surgery. There had been no improvement in the preceding three months. He did not have half the strength in his left hand that he had had. The condition of his hand disqualifies him from examination for a new position. The usefulness of his hand was impaired 25 per cent.

It is difficult for an appellate court always to feel contented with a verdict which is seriously close to being excessive. It is excessive when greater than can be legally permitted. But it is not our function to fix verdicts. We are required to pass upon them. Our power in this respect must be exercised sparingly. If we should yield to the almost constant demand of the bar to reduce verdicts or grant new trials, we would soon bring confusion into the practice and eventually reach the status where this court would be trying cases. We recognize that the approval of the verdict by the trial court is discretionary and we will not interfere unless it clearly

appears that there was an abuse of discretion. The verdict is presumed fair and reasonable unless the amount indicates prejudice or passion on the part of the jury, when it is the duty of the trial court to grant a new trial. Under the rule the verdict in this case must stand.

Affirmed.