## HARDWARE MUTUAL CASUALTY COMPANY v. LEONARD ANDERSON.[1]

March 9, 1934.

Nos. 29,619, 29,620.

[1]Reported in 253 N. W. 374.

*William E. Tracy,* for appellant.
*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

*STONE, Justice.*

Two actions, wherein this plaintiff, having made good its liability as the public liability insurer of one of two alleged joint tortfeasors, sues the other for contribution. A verdict was directed in its favor in each case. Defendant appeals from the judgments entered after the denial of his alternative motions for judgment *non obstante* or a new trial.

One Ruth Mattson was injured in an automobile collision July 15, 1928. Suits were commenced by the young lady and her father against Mildred A. Moore, plaintiff's insured, and this defendant. Each of the defendants was represented by his own attorneys. The cases were consolidated and tried to a jury. Judge Freeman, presiding, directed a verdict for the plaintiff in each case, his instruction being:

"There must be a recovery in both actions for the plaintiff as the evidence conclusively shows that the accident and the resulting damage to the plaintiff was the direct result of the negligence of either one or both of the defendants * * *.

"There can be but one recovery * * * regardless of whether your verdict is against one or both of the defendants * * *."

The resulting verdicts were against only plaintiff's insured, Moore, and in favor of the present defendant, Anderson. Upon those verdicts judgment was entered.

The accident occurred on county highway B, in Carlton county, where it is joined by a private driveway emerging from the farm of

one Sellgren. The highway runs north and south, and the private road comes in from the west. Defendant Anderson and his wife were just leaving the Sellgren place. Their Pontiac was already on the private road headed towards the highway when they boarded it. To their left, as they approached the highway, and obscuring their view thereon to the north, was a tree and a lilac hedge. (Of course we are stating the facts as favorably to defendant as a jury might have considered them.) Defendant drove slowly toward the highway, stopping, he says, two or three times before entering it. The highway was graveled to a width of 22 feet with shoulders projecting beyond the gravel on each side two or three feet. After defendant had got his front wheels just beyond the west shoulder of the highway, he saw a Ford coming from the north, his left. Thereupon he stopped his car. Just then he first beheld the Moore car, a Studebaker, coming from the south, his right, on the highway. He estimates its speed at from 55 to 60 miles per hour. It raised a big cloud of dust. The Studebaker was not wholly to the east of the center line of the highway. It is said to have been straddling that line.

The Moore Studebaker collided with defendant's Pontiac, while the latter was stopped, its front wheels just on the highway. The Pontiac was thrown to the westward into the left shallow ditch of the highway. It did not collide with the Ford in which Miss Mattson was a passenger. The Studebaker, after hitting the Pontiac, skidded so as to turn end for end and was thrown upward so as to come down on the Ford. In that manner, Miss Mattson, a passenger in the Ford, was injured. The Studebaker finally came to rest, on its side, in the east ditch, at least 70 feet from where it struck the Pontiac.

■ The judgments in the original actions in favor of Anderson he pleads as *res adjudicata*. It was ruled otherwise below, properly so, we think, on the authority of Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533. Neither as a bar nor estoppel by verdict can an issue become *res adjudicata* in favor of a litigant unless it has been adjudicated in his favor and against his adversary on issue actually joined and litigated as between them. (Of

course it would have the same effect for or against the privies of either party.) The issues litigated in the former actions were between the plaintiffs on the one hand and the then defendants on the other. There may have been real contest between the latter, but the legal issues tried and litigated were not decided as between them. They were adjudicated only as between the plaintiffs on the one hand and the two defendants on the other. The present defendant prevailed in a legal sense not as against his codefendant, but rather, and only, as against the plaintiffs. Emphatically this case is ruled by the Merrill case, 170 Minn. 332, 212 N. W. 533.

■ It was ruled below that defendant was guilty of negligence as matter of law contributing proximately to the collision between the Studebaker and the Ford. His negligence was put upon the fact that he did not yield the right of way to the Studebaker, as required by statute. 1 Mason Minn. St. 1927, § 2720-19. There was plenty of evidence that defendant stopped before entering the highway. He says he looked both ways but did not see the Studebaker until it was almost upon him. For plaintiff it is argued that his failure to see it was inexcusable under the doctrine of such cases as Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581, and the others therein cited. If the evidence demonstrates absence of excuse for defendant's not seeing the Studebaker, then of course he was negligent as matter of law in not seeing it. The view to the south, in one sense, was unobstructed for some distance. But just south of the Sellgren driveway county road B traverses at least two marked depressions. Whether in the bottom of either the Studebaker could have been, or was, obscured from defendant's vision is not made clear by either evidence or argument.

Witness Saunders, having just bade the Andersons farewell, was standing in the Sellgren driveway. His view to the south on the county road was nearly, if not quite, as good as that of defendant. He first noticed the Studebaker "coming down the apex of the next hill from the Sellgren place." (The Sellgren driveway enters the county road at a point higher than any in the near distance to the south.) That answer is susceptible of the construction that when Saunders first saw the car it was descending into the depression

next south of the Sellgren farm. Thus the record brings us to the conclusion that a jury might have considered, reasonably, that when Anderson looked to the south in approaching the county road the Studebaker was out of sight in one of the depressions already referred to.

Defendant did see the Ford coming from the north, his left. He was watching it and, a jury could have believed, taking due care to avoid collision with it. There is evidence, plenty of it, that defendant stopped with his front wheels just over the culvert which carries the Sellgren driveway across the west ditch onto the county road; and that there the front end of his car was struck by the Studebaker. That circumstance, coupled with the distraction which might have been furnished by the Ford on defendant's left, and the possibility that when he looked to the right the approaching Studebaker was concealed in one of the depressions on that side, make a sum of evidence and possible reasonable inference which, in our judgment, renders the question of defendant's negligence one of fact. The case is easily distinguished from such cases as Shoniker v. English, 254 Mich. 76, 235 N. W. 866, where there were no distracting circumstances and no question that the view of the two drivers, both of whom were held guilty of negligence as matter of law, was clear. Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; De Haan v. Wolff, 178 Minn. 426, 227 N. W. 350; Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, are distinguishable upon similar grounds.

Wholly aside from the question of *res adjudicata,* above discussed, is the one whether, inasmuch as the present defendant was not a debtor under the judgment, upon which plaintiff's right is based, the latter is entitled to contribution. Plaintiff's insured and this defendant were not joint debtors under that judgment. Plaintiff by paying that judgment did not discharge a liability common to its insured and this defendant. The liability so paid and discharged was the liability alone of the former. "The right to contribution in the case of joint debtors depends on the fact of common indebtedness * * *. The principle of contribution is equality in bearing a common burden." 6 R. C. L. 1047; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1920. There is authority that, as to costs

and disbursements included in the judgment against plaintiff's insured, defendant is not liable to make contribution. Boardman v. Paige, 11 N. H. 431; Knight v. Hughes, 3 C. & P. 467. Whether the case presents the conditions prerequisite to contribution is a question which was not presented below. Hence we decline its decision for the present. D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766. Nor can we find that there has been litigated in this case the issue whether plaintiff should be denied contribution because its insured was *intentionally* engaged in an unlawful act, under the rule of Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Underwriters at Lloyd's v. Smith, 166 Minn. 388, 208 N. W. 13; and D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766. Compare Fidelity & C. Co. v. Christenson, 183 Minn. 182, 236 N. W. 618.

For the reason appearing in the second division of this opinion, there must be a new trial.

Judgments reversed.

