## B. T. KEMERER v. STATE FARM MUTUAL AUTO INSURANCE COMPANY AND OTHERS.[1]

November 12, 1937.

Nos. 31,342, 31,411.

[1]Reported in 276 N. W. 228.

See 198 Minn. 316, 269 N. W. 832.

*Cobb, Hoke, Benson, Krause & Faegre* and *Phillips & Sherwood,* for appellant.

*Freeman & King* and *Atwood & Quinlivan,* for respondents.

STONE, JUSTICE.

This cause is here on two appeals by plaintiff, one from an order denying a temporary injunction, and the other from one sustaining a general demurrer to the complaint.

For injuries sustained by her in an automobile collision, Carrie Kemerer procured judgment against plaintiff and Martin Mock as codefendants. See Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. Defendant State Farm Mutual Automobile Insurance Company, as insurer of its present codefendant Mock, paid the judgment. Proceeding under the statute hereinafter considered, it then began an attempt to compel plaintiff to contribute one-half as Mock's codebtor under the judgment. The purpose of this action is to enjoin such doings. Plaintiff opposes contribution upon the ground that Mock, his codefendant and codebtor, was guilty of wilful wrong, contributing to, if not furnishing the sole proximate cause of, the collision.

The question presented, put in abstract form, is this. May one of two or more of the debtors upon paying a judgment summarily compel contribution irrespective of an equity, as between the debtors, which would have prevented contribution in the absence of the judgment? The answer, affirmative or negative, must be

found in construction and application of 2 Mason Minn. St. 1927, § 9410, reading thus: .

"Whenever a judgment against two or more persons shall be enforced against or paid by one of them, or one of them shall pay more than his proper share as between himself and the other judgment debtors, he may continue the judgment in force for the purpose of compelling contribution; and if, within ten days after such enforcement or payment, he shall file with the clerk a notice of the amount paid by or collected from him in excess of his proper share, and of his claim for contribution, * * * the judgment shall remain in effect in favor of the party filing such notice for the amount and against the party in such notice specified."

Was that statute intended merely to set up a new and summary procedure for the enforcement of old rights? Or was the purpose to change old rights and the substantive law concerning contribution?

■ The coverage of such a statute can be delimited only by aid of a survey of the field of common law and equity (as it is at the time the new law is enacted), within and on which it is intended to operate. In that domain is one rule, and a limitation of another, so illuminating as to light us far on the way through this appeal. The rule is "that parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action." Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 479, 53 N. W. 764, 765, 38 A. S. R. 511. That is, while a judgment is *res judicata* as to the issues between judgment creditor and judgment debtors, it is not so as to those between the latter which were not litigated and so not settled by the judgment. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Hardware Mut. Cas. Co. v. Anderson, 191 Minn. 158, 253 N. W. 374; Bakula v. Schwab, 167 Wis. 546, 168 N. W. 378. The latter case was modified in Wait v. Pierce, 191 Wis. 202, 230, 210 N. W. 822, 825, 48 A. L. R. 276, but only to the extent indicated by this quotation: "So far as the Bakula case holds that where one joint tortfeasor discharges more than his equitable share of a liability

resting upon him and another joint tortfeasor by a single judgment, the question of liability of the other joint tortfeasor to the plaintiff is not *res adjudicata*, it must be and is modified."

That modification is obviously correct. But the important thing now is that the reach of the judgment as *res judicata* includes only the question of liability of the judgment debtors "to the plaintiff." It does not include their rights and liabilities, in respect to the judgment, among themselves.

■ Next the result just stated follows necessarily upon a limitation of the rule that a cause of action is merged in the judgment thereon. As between creditor and debtor, that absorption is ordinarily complete. But "the merger of the cause of action has no effect upon the liabilities of the coplaintiffs or the codefendants between each other, since they are ordinarily not adverse parties and with respect to each other the judgment is therefore not res judicata. Those liabilities are not in issue in the case, and therefore are not affected by the final determination of the action." 2 Freeman, Judgments (5 ed.) § 564. A typical case cited by the author is that of a recovery upon a note against the makers and indorsers which does not so merge the obligations on the note as to prevent the indorsers from paying the judgment and maintaining an action against the maker. Kelsey v. Bradbury, 21 Barb. (N. Y.) 531.

■ In this state it is not the rule that there can be no contribution between joint tortfeasors. Since Ankeny v. Moffett, 37 Minn. 109, 110, 33 N. W. 320, that rule has applied "only where the person seeking the contribution was guilty of an intentional wrong, or, at least, where he must be presumed to have known that he was doing an illegal act." See also Mayberry v. N. P. Ry. Co. 100 Minn. 79, 110 N. W. 356, 357, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754; Underwriters at Lloyds of Minneapolis v. Smith, 166 Minn. 388, 208 N. W. 13; Fidelity & Cas. Co. v. Christenson, 183 Minn. 182, 236 N. W. 618. It is upon the claim that defendant Mock was guilty of wilful wrong within the rule of those cases that plaintiff by this action opposes his insurer's right to contribution.

The rejoinder is that the statute (§ 9410) automatically and arithmetically fixes the "proper share" of each judgment debtor, or

rather that a judgment for money against several jointly and severally has that effect by reason of the statute. If so, the only thing remaining to be done, in order to ascertain the "proper share" of each debtor, is to make the simple division indicated by the amount of the judgment and the number of solvent debtors. If that be the result, the statute has wrought a radical change in substantive, as distinguished from adjective, law.

By way of illustration, take the case of a promissory note to A as payee with B and C as makers, C signing solely for the accommodation of B. If after maturity and upon demand against him but without judgment C pays the note, he has a cause of action against B, not for contribution but for exoneration. Can it be supposed that it was the intention of the statute (§ 9410) to have that status altered, as between the makers, if the payee, A, procures judgment by default against them? (Neither such a judgment nor the underlying record would show the rights and liabilities of the defendants as between themselves.) Again, if the statute has not changed the old law, C, upon paying such a judgment, would have a cause of action against B for the whole amount. But if under the statute nothing is left but to divide the judgment equally between the debtors, C can recover only half, and that by way of contribution rather than indemnity.

Suppose further that in such a case the judgment against B and C is paid by B, the accommodated maker. He may then, if the statute has changed the law as contended on behalf of respondent, recover one-half the amount from C, who signed the original note solely for his accommodation. It is not complimentary to the legislature to entertain argument that they intended any such absurd and unjust result.

If one of these joint debtors had providently compromised and paid the claim of the original plaintiff without suit he would have been at liberty to sue the other for contribution (Duluth M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766), and the latter would have been equally free to defend on the ground that the one seeking contribution was not entitled thereto. If by reason alone of the judgment that status has been changed, it is because the

judgment, as between the joint debtors thereunder, has a greater effect than payment by one would have had. That is an obvious impossibility and, as such, denied by all the authorities. 2 Freeman, Judgments (5 ed.) § 564.

The real obstacle to a holding that the statute has changed the substantive law is that the change, if made, must rest upon an inference of the gossamer texture of mere conjecture, as distinguished from implication. Changes in common-law fundamentals are not so made. Courts will give full effect to legislative intent to effect such alterations, but the intention must be at least reasonably clear. Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 201 N. W. 305; Rosenfield v. Matthews, 201 Minn. 113, 275 N. W. 698.

It is not clear here for the simple reason that against the backdrop of common law and equity the statute takes on unmistakably the color and displays the substance of a mere change in procedural rather than substantive law. The purpose is to enable one or more judgment debtors to obtain contribution by the summary method indicated, without resort to further litigation unless the latter is necessary (ordinarily it will not be) to determine the rights of the debtors among themselves. Such a statute was so construed in Forsythe v. Los Angeles Ry. Co. 149 Cal. 569, 87 P. 24.

For the reasons indicated, we hold that the statute made no change in the substantive law of contribution as between joint judgment debtors, and that where the right to contribution is claimed by one of them, the original cause of action may be examined, unaffected by the judgment, in order to determine the issue between them. Whenever justice requires it, the judgment will generally be construed "not as a new debt but as an old debt in a new form." Gould v. Svendsgaard, 141 Minn. 437, 438, 170 N. W. 595, 596. A fortiori, the character of the old debt, of which the judgment is but new or substituted evidence, may be examined in order to adjust the rights of the debtors between themselves, the judgment having settled nothing as to them except that they are all liable to a common creditor in the sum fixed by the judgment.

There is nothing in Ankeny v. Moffett, 37 Minn. 109, 112, 33 N. W. 320, 321, to the contrary. Decisions, like other pronouncements of

law, are to be read as a whole. The statement in that case that "by payment and filing the required notice, the party paying should be *ipso facto* subrogated to all the right of the judgment creditor," is immediately qualified by this: "If a party attempts to enforce contribution when he is not entitled to it, or for a greater amount than is his due, of course he could be enjoined." What precedes the statements just quoted is even more important. The syllabus (then, as now, written by the author of the opinion) contains nothing to suggest a holding that change had been made in substantive as distinguished from procedural law. In the second paragraph of the opinion, the reasoned conclusion is stated [37 Minn. 110]: "In this case [the judgment aside] Moffett is entitled to contribution from Johnson." This express reservation follows: "Whether the statute * * * was intended to change the rule that there can be no contribution among wrongdoers is unnecessary to consider." Finally, and very important, the "conflict of opinion" which it was thought the statute was intended to remove was examined entirely from the procedural rather than the adjective standpoint.

This case suggests this query. In a tort case, why may the equities of the defendants among themselves not be litigated and a judgment be reached which will settle the whole matter, not only as between plaintiff and defendants, but also as between the latter? All parties jointly liable may be sued. (2 Mason Minn. St. 1927, § 9411; applicable in tort as well as contract, Fryklund v. G. N. Ry. Co. 101 Minn. 37, 111 N. W. 727.) If they are not, the court may and should order in the missing ones. *Id.* Under § 9253 a defendant may set up in his answer "all equities" in his favor. Because they need not be those against the plaintiff, why may they not be against one or more of the other defendants and so made the subject matter of a pleading in the nature of a cross bill? If defendants in tort actions desire to protect their equities against those who are or should be sued jointly with them, does our law as it stands, or does it not, furnish the method whereby the judgment in the main action can be made to adjudicate the whole matter, not only for or against the plaintiff but also as between the defendants?

The propounding here of the foregoing questions must not be taken as indication of opinion as to what the answers should be. But we do suggest the problem. If the answer is negative, there is an opportunity for legislative action to the end that our procedural law may be so built out as to enable the court in one action "to grasp all the issues germane to the main controversy, whether arising between the plaintiff and the defendant, or between defendants, or between a defendant and an outside party, and dispose of them in one and the same action, and thus avoid circuity of action and multiplicity of suits." That result has been accomplished in Wisconsin by the statute dealt with in Hemenway v. Beecher, 139 Wis. 399, 402, 121 N. W. 150, and Wait v. Pierce, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276.

Both orders under review must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

So ordered.

PETERSON, JUSTICE (concurring specially).

I concur in the result. Joint tortfeasors have no equities *inter se* until one of them has discharged the joint liability by payment. Contribution recoverable is the amount paid which is "more than his just share of the burden." Duluth M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 418, 236 N. W. 766, 768. As a practical proposition, such payment is rarely made until after liability has been established by verdict or judgment. What procedure should be adopted by the legislature is not free from doubt and perplexity. In the cited case we stated in a somewhat peremptory manner that [183 Minn. 419]:

"The obligation can be established and measured as well in the action for contribution between the wrongdoers as in that of the injured person against them. *In fact the whole job can be done better there, for all the issues can be settled; whereas often the original suit must leave open as between the wrongdoers the issues of negligence and proximate causation.*"

What we said then condemns the Wisconsin procedure. It is open to the charge, perhaps, that it introduces complicated issues into

a jury trial which it might be advisable to avoid. In New York the whole matter is determined by the court upon motion after trial. It is apparent that the legislature will have a choice of procedures. The remedy, if one is needed, is primarily a legislative question. I do not want to be understood as suggesting any particular remedy.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.

