## FIDELITY & CASUALTY COMPANY OF NEW YORK v. MINNEAPOLIS BREWING COMPANY AND OTHERS.[1]

March 12, 1943.

No. 33,344.

[1]Reported in 8 N. W. (2d) 471.

*Moonan & Moonan,* for appellant.

*Durham & Swanson* and *Lystad, Mantor & Strauman,* for plaintiff-respondent.

*James T. Spillane,* for respondent Harry Pederson.

*Scott, Burke & Scott,* for respondent A. W. Kutzky.

LORING, JUSTICE.

In a suit for indemnity to recover from defendants the money which plaintiff as insurer had paid as its contribution to a judgment recovered by one Sadie S. Armstrong in a personal injury action against plaintiff's insured and all the defendants in this action, the plaintiff herein had judgment against defendant brewing company.

November 21, 1937, plaintiff had in full force a policy insuring the city of Rochester against loss from liability imposed by law for damages on account of bodily injuries suffered as the result of an accident alleged to have been caused by the erection and maintenance of a sign which, with the city's consent and under its supervision and license, defendant brewing company had caused to be erected in front of a saloon operated by defendant Harry Pederson on property owned by the defendant A. W. Kutzky in that city. On that day Mrs. Armstrong slipped and fell on ice formed from water which had dripped on the sidewalk from the sign because of its malconstruction. She sued the city, the brewing company, Kutzky, and Pederson and recovered a verdict against all four. The city moved for judgment notwithstanding the verdict, but not for a new trial, the motion was denied and judgment entered, from which an appeal was taken to this court. The case was affirmed without opinion because of an equally divided court. Armstrong v. City of Rochester, 211 Minn. 613, 299 N. W. 683.

Evidently plaintiff, as the city's insurer, the brewing company, and Kutzky participated in paying up the judgment, each contributing one-third. Now plaintiff brings this action to recover the

amount it contributed to the payment of the judgment on the theory that the liability of the other defendants under the judgment was primary and that of the city secondary. The case was tried to the court and findings were made in favor of plaintiff and against the brewing company alone, which comes here on appeal from the judgment entered pursuant to the findings.

Appellant contends that plaintiff's insured was a joint tortfeasor and guilty of active negligence and for that reason not entitled to indemnity from it; that in the Armstrong case it was so determined and adjudged; and that the judgment in that case forecloses plaintiff from retrying the question of the character of the negligence of which the city was guilty.

The respondents contend that in this suit they may search the entire record in the Armstrong case, which was introduced in evidence here, and that the court below on that record was justified in finding that the negligence of the city and of the individual defendants was secondary and that of the brewing company primary, and that consequently plaintiff is entitled to indemnification.

Unfortunately for plaintiff, we find upon searching the record in the Armstrong case that the charge of the court plus the verdict against all four defendants fixed the type of the city's negligence as active and made it a joint tortfeasor with the other three on the same basis of liability. Although plaintiff had not pleaded negligence on the part of the city on the theory that the patch of ice upon which Mrs. Armstrong slipped had been upon the sidewalk long enough to charge the city with notice of its presence, the court charged the jury that plaintiff might recover on that theory if negligence was found, probably upon the assumption that that issue had been litigated by consent. After so charging the jury, the court stated:

"* * * or she must prove that the sign created a hazard for travelers upon the sidewalk and that the city failed to exercise reasonable care to prevent that sign from creating such a dangerous situation. The city was charged with notice of the construction

of the sign and the disposition that the sign made of any snow or rain that might fall upon it."

And again, when the jury came back for further instructions, after restating the charge on the first theory above mentioned, the court instructed them:

"The city may be liable on still another ground, the same ground that is holding in the case of Pederson, Kutzky and the Minneapolis Brewing Company. The city licensed the sign. The city is therefore responsible for the construction of the sign, and if the sign is so constructed that it makes the walk underneath dangerous then the city is charged with notice of that situation and is responsible for it, * * * In other words, let me summarize it this way: The city alone is negligent if it allowed a piece of ice to remain there long enough so that almost everybody knew about it; * * * but the city is also liable if it permits a sign to be erected which is a menace to people who walk underneath it, just the same as Kutzky and Pederson and the Minneapolis Brewing Company. The city authorized them to put up the sign. They put it up and used it. That makes them liable and if it was constructed so that it made a dangerous situation, then the city is also liable. So you see the city is liable on an additional ground. All four are liable if the sign wasn't constructed right or was constructed so that it made a dangerous situation on the walk underneath * * *. The liability of Pederson and Kutzky and the Minneapolis Brewing Company is exactly the same, so if you find against one of them you must find against all of them; but if you find against them the city's liability is the same also. In other words, it is possible to find the city liable alone and not the others, but if you find the others liable, then the city is also liable. And those people are liable upon one theory, and that is that the sign as constructed made a dangerous situation on the walk underneath for people to walk under it. Now, if you find that that was not the case, then you must find in their behalf and they are out of the case; there is no liability. Then you get to the question of

whether or not the city was negligent in allowing a piece of ice to remain there so long that it should have known about it and should have taken it off and had reasonable time to take it off."

Clearly these instructions told the jury that the city's license and consent to erect the sign charged it with active negligence in regard to the creation of the hazard to which Mrs. Armstrong was exposed and that it was liable to her on the same basis as that of the other three defendants; that is, that its liability was primary, and that if the jury found against the other three defendants it must also find against the city and upon the theory that the city by its license actively participated in the tort. The city did not move for a new trial but only for judgment notwithstanding the verdict, and by so doing challenged only the sufficiency of the evidence to sustain the verdict. Thus the charge of the court, right or wrong, becomes the law of the case as respects the issues. Bates v. Richards Lbr. Co. 56 Minn. 14, 57 N. W. 218; Mullany v. Firemen's Ins. Co. 206 Minn. 29, 33, 287 N. W. 118. Therefore the judgment in the Armstrong case must be interpreted as decisive of the question that the city's negligence was active and that it and the other defendants were *in pari delicto*. This issue is an essential element in the case which the city's insurer now brings against the parties who were the city's codefendants in the Armstrong case; and therefore, the determination of the issue having been adverse to the city, plaintiff may not recover on the theory that the city's negligence was passive and secondary and that of its codefendants active and primary. The city and the plaintiff here are bound by the determination of that question in the Armstrong case. American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722 (handed down since the trial court decided the case at bar and before the cases on which it relied were overruled). In Edinger & Co. v. S. W. Surety Ins. Co. 182 Ky. 340, 206 S. W. 465, a similar question was involved. There the insurance company had issued to plaintiff an indemnity policy against liability for personal in-

juries except those from vicious animals. A blacksmith was injured by one of the plaintiff's mules. He sued the plaintiff for damages for the resulting injuries, and the plaintiff demanded that the insurance company defend the action. It refused, and the blacksmith recovered a verdict upon the finding that the mule was vicious. The supreme court of Kentucky held that the judgment was *res adjudicata* as between the insured and the insurer, rejecting the contention of the insured that the question whether the risk involved was covered by the policy could be relitigated.

The judgment in the Armstrong case is the fruit of the record made therein, and, by the law of that case as fixed by the charge, an issue of fact was determined against this plaintiff which is binding upon it and which is fatal to its recovery herein.

The judgment is reversed with directions to enter judgment for defendant brewing company.

MR. CHIEF JUSTICE HENRY M. GALLAGHER took no part in the consideration or decision of this case.

