BYRON J. BUNGE v. ARWOOD YAGER.[1]

March 21, 1952.

No. 35,643.

[1]Reported in 52 N. W. (2d) 446.

See, Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420.

*Ray G. Moonan* and *John M. Fitzgerald,* for appellant.

*Odell & Odell,* for respondent.

KNUTSON, JUSTICE.

Appeal from an order sustaining a demurrer to a portion of defendant's amended answer.

Herbert Dose suffered personal injuries while riding as a passenger with Arwood Yager when the automobile Yager was driving collided with an automobile driven by Byron J. Bunge. Dose sued Yager and Bunge, alleging that the negligence of both defendants caused his injuries. In a separate answer, Bunge denied negligence and alleged that Yager alone was responsible. Yager interposed a similar answer. The case was tried and resulted in a verdict for Dose against both defendants. On appeal we affirmed, holding that the evidence was sufficient to sustain a finding of negligence against both. Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420.

Prior to the trial of the suit brought by Dose, Bunge instituted suit against Yager to recover damages which he is alleged to have suffered as a result of the same collision. Yager answered, denying negligence and asserting contributory negligence on the part of Bunge. At the conclusion of the action brought by Dose against Yager and Bunge, Yager served an amended answer, setting up as an additional defense the judgment rendered in the Dose case as a bar to the present action and also alleging that the verdict in the Dose case constituted an estoppel to the present suit. In other words, he interposed pleas of estoppel by verdict and estoppel by judgment. Bunge demurred to these defenses, and the demurrer was sustained. This appeal followed.

The distinction between estoppel by verdict[2] and estoppel by judgment is discussed in the recent case of Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276. See, also 2 Freeman, Judgments (5 ed.) § 676.

The only question raised here is whether the verdict or judgment rendered in the action brought by Dose against Yager and Bunge constitutes a bar or estoppel to an action by Bunge against Yager to recover damages based on the same collision. It must be kept in mind that this is not an action for contribution or indemnity, but that Bunge seeks here to recover his damages against his codefendant in the Dose case.

While the authorities are not in harmony, the general rule followed by the great weight of authority is that a judgment in favor of a plaintiff in an action against two or more defendants is not *res judicata* or conclusive of the rights and liabilities of the defendants *inter se* in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, or such issues were tried by consent and determined by the judgment in the first action. The cases are collected in Annotations, 101 A. L. R. 104, 142 A. L. R. 727; 30 Am. Jur., Judgments, § 233.

The general rule is stated in Restatement, Judgments, § 82, as follows:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

In 1 Freeman, Judgments (5 ed.) § 422, we find the rule stated thus:

"Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties

---

[2]Restatement, Judgments, § 68, uses the term "collateral estoppel" in the place of "estoppel by verdict." For a discussion of the subject, see 56 Harv. L. Rev. 1.

in the original action. There must have been an issue or controversy between them. The reason for this rule obviously is the same as that which underlies the whole doctrine of res judicata, namely, that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated, but to litigate them against the party (or his predecessor in interest) who seeks to use the judgment against him."

We early became committed to the same rule. In Pioneer Sav. & Loan Co. v. Bartsch, 51 Minn. 474, 479, 53 N. W. 764, 765, 38 A. S. R. 511, speaking through Mr. Justice Mitchell, we said:

"It is well settled that parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action. Freem. Judgm. § 158."[3]

In Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533, plaintiff sued two defendants, alleging that the concurrent negligence of both resulted in his injury. The court directed a verdict for one of the defendants, and plaintiff recovered a verdict against the other. The losing defendant attempted to raise on an appeal the propriety of directing a verdict in favor of his codefendant, claiming that he was adversely affected by the ruling of the court directing a verdict in favor of one defendant on the theory that the directed verdict was an adjudication of the question of negligence between the codefendants, thereby depriving the losing defendant of his right to contribution. We held otherwise, saying (170 Minn. 334, 212 N. W. 533):

"* * * The only issue is between plaintiff and each of the defendants, who were made parties at the will of plaintiff who could have dismissed as to either and the other could not have been heard to complain. The codefendants were not in law adverse parties simply because they were not by the pleadings arrayed on

[3]Apparently reference is to 1 Freeman, Judgments (4 ed.) § 158, the text of which is substantially the same as *Id.* (5 ed.) § 422.

opposite sides. The fact that each sought to escape liability by attempting to fasten the blame upon the other does not make them adverse parties. We are of the opinion that the judgment resulting from the directed verdict is not res adjudicata in an action for contribution prosecuted by appellant."

In Hardware Mut. Cas. Co. v. Anderson, 191 Minn. 158, 253 N. W. 374, an injured party in an automobile collision sued two alleged joint tortfeasors. Plaintiff recovered a verdict against one defendant, the other defendant being absolved of liability by the verdict. The losing defendant sued the successful defendant for contribution. The successful defendant in the original action set up the judgment as *res judicata*. We held that it was not a defense, saying (191 Minn. 160, 253 N. W. 375):

"* * * Neither as a bar nor estoppel by verdict can an issue become *res adjudicata* in favor of a litigant unless it has been adjudicated in his favor and against his adversary on issue actually joined and litigated as between them. (Of course it would have the same effect for or against the privies of either party.) The issues litigated in the former actions were between the plaintiffs on the one hand and the then defendants on the other. There may have been real contest between the latter, but the legal issues tried and litigated were not decided as between them. They were adjudicated only as between the plaintiffs on the one hand and the two defendants on the other. The present defendant prevailed in a legal sense not as against his codefendant, but rather, and only, as against the plaintiffs."

Prior to the commencement of Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173, Carrie Kemerer had recovered a judgment against codefendants Mock and B. T. Kemerer for injuries sustained while riding as a passenger in the automobile of B. T. Kemerer when it collided with a car driven by Mock. We affirmed on appeal. Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. The State Farm Mutual Auto Insurance Company, as insurer for Mock, paid the judgment and thereafter began pro-

ceedings under our statute, M. S. A. 548.19 (then Mason St. 1927, § 9410), to compel the nonpaying codefendant Kemerer to contribute his share of the judgment. In his action to enjoin such proceedings, Kemerer contended that Mock, the defendant whose insurer had paid the judgment, was guilty of a wilful wrong and therefore not entitled to contribution. The trial court denied a temporary injunction and sustained a demurrer to the complaint. We reversed, holding that § 548.19 made no change in the law of contribution as between joint judgment debtors and that where the right to contribution is claimed by one of them the original cause of action may be examined, unaffected by the judgment, in order to determine the issue between the codefendants. We also said (201 Minn. 241, 276 N. W. 229):

"* * * The rule is 'that parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action.' Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 479, 53 N. W. 764, 765, 38 A. S. R. 511. That is, while a judgment is *res judicata* as to the issues between judgment creditor and judgment debtors, it is not so as to those between the latter which were not litigated and so not settled by the judgment. [Citing cases.] * * *

* * * * *

"* * * the result just stated follows necessarily upon a limitation of the rule that a cause of action is merged in the judgment thereon. As between creditor and debtor, that absorption is ordinarily complete. But 'the merger of the cause of action has no effect upon the liabilities of the coplaintiffs or the codefendants between each other, since they are ordinarily not adverse parties and with respect to each other the judgment is therefore not res judicata. Those liabilities are not in issue in the case, and therefore are not affected by the final determination of the action.' 2 Freeman, Judgments (5 ed.) § 564."

We suggested in that decision that it might be well to have the issues of all parties settled in one case.

After our decision in the above case, the matter came on for trial, and the trial court found that Mock, defendant's insured, was guilty of an illegal act and that neither Mock nor his insurer was entitled to contribution. We affirmed. Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793. See, also, Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861, where we held that a judgment in favor of plaintiff in an action against an owner, lessee, and sublessee of a building for injuries received by reason of the defective condition of the premises is not *res judicata* of the question of liability between the codefendants.

Much doubt has been expressed[4] and apparently exists throughout the bench and bar as to whether we still follow the rule announced in the above cases and the rule followed by the weight of authority on account of our decisions in American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722, and Fidelity & Cas. Co. v. Minneapolis Brg. Co. 214 Minn. 436, 8 N. W. (2d) 471.

In the Vigen case, two defendants were sued in a personal injury suit. Plaintiff in the action recovered against one defendant, and the other was successful. The unsuccessful defendant sued his codefendant who prevailed in the original action for contribution. The successful defendant asserted that the adjudication in his favor in the original action is conclusive of his nonliability to the original plaintiff and that, since there is not and never was any liability on his part to such plaintiff, the essential element to justify contribution is lacking. We held that the determination of nonliability in the original action barred plaintiff's right to contribution in this action. We considered Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533, *supra,* and held that the problem presented in the Vigen case was not presented to the trial court or this court in the Merrill case. We specifically overruled expressions in former cases which (213 Minn. 127, 5 N. W. [2d] 401) "tend to support the theory that such a judgment is of no effect and that the unsuccess-

4 27 Minn. L. Rev. 519, 531; 2 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 1979; 56 Harv. L. Rev. 477; 41 Mich. L. Rev. 508; Annotation, 142 A. L. R. 728.

ful defendant may relitigate the liability of the successful defendant to the injured person."

In Fidelity & Cas. Co. v. Minneapolis Brg. Co. *supra,* Sadie S. Armstrong recovered judgment for personal injuries against the city of Rochester and Minneapolis Brewing Company. This court being evenly divided, we affirmed without opinion. Armstrong v. City of Rochester, 211 Minn. 613, 299 N. W. 683. The insurer of the city of Rochester then brought this action to recover indemnity for its contribution to the judgment recovered by Sadie S. Armstrong, it being the contention of the city of Rochester that it was only secondarily liable. The trial court found in favor of plaintiff. Defendant appealed, claiming that the city was a joint tortfeasor and that the judgment in the Armstrong case foreclosed it from retrying the question of the character of the negligence of which the city was guilty. We reversed, citing the Vigen case, upon the theory that the trial court had fixed the type of the city's negligence in its charge to the jury, which became the law of the case, and that that issue could not be relitigated.

It is clear that the decision in the Vigen case is based upon the theory that the doctrine of *res judicata* is not involved, but that an action for contribution rests upon a common liability of joint tortfeasors to an injured party and the payment of more than his share by one of the codefendants; and that when the nonliability of one of the codefendants is established in the original action there can be no right to contribution for the reason that there is no common liability. We there said (213 Minn. 127, 5 N. W. [2d] 400):

"Many cases are cited to us where the fact has been ignored that a suit for contribution is an action derived from a common liability arising out of a relationship originally assumed by contract or arising from common responsibility to the victim of a tort. Those cases we do not follow. Where it has been adjudicated that there never was any responsibility of the defendant to the injured person, there is absent that common liability which is the fundamental basis for contribution."

In all probability, the theory followed in the Vigen case had its origin in Hardware Mut. Cas. Co. v. Anderson, 191 Minn. 158, 162, 253 N. W. 374, 376, where, after reaffirming our former decision in Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533, *supra,* that an issue is not *res judicata* unless the party who seeks to invoke a former decision as a bar or estoppel and the party against whom it is invoked are adversaries, we said:

"Wholly aside from the question of *res adjudicata,* * * * is the one whether, inasmuch as the present defendant was not a debtor under the judgment upon which plaintiff's right is based, the latter is entitled to contribution. Plaintiff's insured and this defendant were not joint debtors under that judgment. Plaintiff by paying that judgment did not discharge a liability common to its insured and this defendant. The liability so paid and discharged was the liability alone of the former. 'The right to contribution in the case of joint debtors depends on the fact of common indebtedness * * *. The principle of contribution is equality in bearing a common burden.' 6 R. C. L. 1047; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1920. * * * Whether the case presents the conditions prerequisite to contribution is a question which was not presented below. Hence we decline its decision for the present."

The decision in Fidelity & Cas. Co. v. Minneapolis Brg. Co. 214 Minn. 436, 8 N. W. (2d) 471, *supra,* is based upon the proposition that the trial court in its instructions to the jury defined the nature of the negligence of the party now suing for indemnity and that such instructions became the law of the case and determined this issue upon which plaintiff's present right of recovery depends. The decision in this case also is based on the supposition that the doctrine of *res judicata* is not involved.

Whether the decisions in American Motorists Ins. Co. v. Vigen and Fidelity & Cas. Co. v. Minneapolis Brg. Co. *supra,* are sound we need not now determine. They should not be extended to cases which do not involve the right to contribution or indemnity, where the question of *res judicata* or estoppel by verdict is involved.

Liability here does not depend upon a common liability toward a third party, but the action is based upon the rights of one codefendant against the other to recover for his own damages or injuries. Defendant argues quite logically that it is impossible for Bunge to have been negligent toward Dose, who was riding as a guest in defendant's car, without having been guilty of negligence which proximately contributed toward his own damages in the suit now brought by him against defendant, and that for that reason recovery is barred in this action by virtue of the establishment of Bunge's own contributory negligence in the former action. While this argument seems plausible, it ignores the fact that Bunge and Yager were not adversaries in the action brought by Dose against both of them. See, Olson v. Neubauer, 211 Minn. 218, 300 N. W. 613.

The rule that the parties must be adversaries applies as well to an estoppel by judgment (Pioneer Sav. & Loan Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764, 38 A. S. R. 511) as to an estoppel by verdict (Cronan v. Wolfe, 138 Minn. 308, 164 N. W. 1018).

Since territorial days we have had a statute (R. S. 1851, c. 70, § 159, now M. S. A. 548.02) which provides that when justice demands it the court may determine the ultimate rights of the parties on each side of a suit as between themselves. Under M. S. A. 540.16 (amended by L. 1947, c. 152, § 1), additional parties may now be brought into an action in order that a multiplicity of suits may be avoided. One who may become liable for contribution or indemnity may be brought in under this statutory provision. Gustafson v. Johnson, 235 Minn. 358, 51 N. W. (2d) 108. Our new rules of civil procedure permit the litigation of the rights and liabilities of co-parties *inter se* by the use of cross-claims. Rule 13.07. The rights of co-parties against each other may also be litigated by consent. Here, the two actions might have been consolidated for trial, as is frequently done. Where action is taken in any of these manners so that the co-parties become adversaries in the trial, the determination of their rights and liabilities *inter se* become *res judicata* and may not be relitigated. Our statutes, as well as our new rules, simply provide a method whereby the rights and liabilities of co-

parties may be litigated in an action in which they are aligned on the same side of the litigation, thereby preventing a multiplicity of suits. But where action is not taken to bring co-parties into an adversary relationship, their rights and liabilities as against each other are not determined, nor is the determination of their liability to a third party a bar to a subsequent action by one of the codefendants against the other to recover damages which he may have suffered as a result of the same tort.

Defendant relies upon Restatement, Judgments, Title E, § 68, and particularly *comment* c thereof, dealing with the rules pertaining to collateral estoppel (estoppel by verdict), and 2 Freeman, Judgments (5 ed.) §§ 676 and 677. The sections mentioned above must be read with § 82 of the Restatement and § 422 of Freeman's treatise. When that is done, they do not sustain defendant's contentions.

The demurrer was properly sustained.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.