JOHN McGILLIVRAY, RESPONDENT v. GREAT NORTHERN RAILWAY COMPANY, DEFENDANT-APPELLANT.

E. W. COONS, F. HOLLADAY, LEE BARRETT AND W. J. RYDER, DEFENDANTS-RESPONDENTS.[1]

January 30, 1920.

No. 21,513.

**Master and servant — negligence of engineer — proximate cause of injury.**

1. The evidence sustains the finding of the jury that the negligence of the defendant railway company's engineer in failing to obey a stop signal given by a stranger was a proximate cause of the injury to the plaintiff, the fireman on his engine.

**Refusal to give instruction — excuse for not responding to stranger's stop signal.**

2. The defendant owed no duty to the fireman to stop at the railway platform in response to a flag stop; and it would not be chargeable with liability merely because of the failure of the engineer to obey the flag stop, though it so happened that, not obeying the signal, he ran into an unknown danger. There was no error in refusing to give a specific in-

[1]Reported in 176 N. W. 200.

struction stating the conditions which would excuse the engineer for not responding to a stop signal given by a stranger, when the question of his duty in respect of obedience to stop signals was fully covered by the charge.

**Appeal and error — error in favor of codefendants not available to appealing defendant charged with another kind of negligence.**

3. There was a verdict against the defendant railway company and in favor of the individual defendants joined with it, who were charged with an act of negligence different from that charged against the defendant. The railway company cannot avail itself of an error in the charge upon the liability of its codefendants upon the ground that it was too favorable to them.

**Damages not excessive.**

4. The damages are not excessive.

Action in the district court for St. Louis county against defendant railway company and four individual defendants to recover $25,000 for personal injuries. The case was tried before Hughes, J., who when plaintiff rested denied the motions of the several defendants to dismiss the action as to them, and at the close of the testimony denied the motion of the defendant company for a directed verdict, and granted the motion of the individual defendants to dismiss the action as to them, and a jury which returned a verdict for $6,500 against the company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant company appealed. Affirmed.

*Baldwin, Baldwin & Holmes,* for appellant.

*W. P. Crawford, W. A. Watts* and *Abbott; MacPherran & Gilbert,* for respondents.

DIBELL, J.

Action for personal injuries. There was a verdict for the plaintiff against the defendant Great Northern Railway Company and in favor of the individual defendants. The Great Northern appeals from the order denying its alternative motion for judgment or a new trial. Its motion for a new trial or judgment and its notice of appeal were served upon the individual defendants and they appeared.

Prior to this action the plaintiff sued the defendant railway company

for the injury of which he complains, alleging its negligence in allowing an accumulation of sand and gravel on the Alice crossing in Hibbing. At the close of the testimony the court dismissed the action. The plaintiff appealed and there was an affirmance. McGillivray v. Great Northern Ry. Co. 138 Minn. 278, 164 N. W. 922.

Afterwards this action was brought against the railway company and the individual defendants. The complaint alleges that the negligence of the engineer in failing to keep a lookout and stop his train and the negligence of the individual defendants in putting sand and gravel on the Alice crossing caused the derailment of the engine and the plaintiff's injury.

1. The plaintiff was the fireman on a passenger train bound from Grand Rapids to Virginia. It reached the Alice crossing going easterly between 11 and 12 in the forenoon. The automobile club of Hibbing had arranged for automobile races on July 4, 1916. The races took the automobiles across the Alice crossing. The defendants obtained permission from the railroad company to cover the rails at the crossing with sand and gravel, but were not to do so before the passing of the train. Sand and gravel were placed on the crossing before the train came. The crossing was a flag station for passengers. Easterly of it was a cinder platform. Before the train reached the crossing it was warned by the poundmaster of Hibbing, one Walsh, who ran down the middle of the track and gave appropriate stop signals. The engineer did not obey them. The train ran into the sanded track and the engine was derailed easterly of the crossing and the plaintiff was injured. There is a conflict in the evidence as to the details of the occurrence, but it is sufficient to support a finding of the jury that the engineer saw the signals and negligently failed to give heed to them and that his negligence was a proximate cause of the accident.

2. The defendant claims error in the refusal of the court to give its requested instruction "that the railway company owed no duty to plaintiff to stop at the platform near this crossing merely because it was a flag stop; and if you find that the engineer honestly and reasonably believed, in the exercise of ordinary care, that Walsh was merely flagging the train for an ordinary flag stop, and had no other notice of a dangerous condition, then the fact that the engineer disregarded the signal

would not be negligence in this case, and your verdict in such event will be for defendant."

The engineer was not a witness. There is evidence that the plaintiff thought Walsh was flagging the train for people to get on, but that he was not in the proper place for flagging. It seems clear that he was not.

The failure of the engineer to respond to a flag stop would not charge the defendant with liability to the plaintiff, though because of such failure it so happened that he ran his train into an unknown danger. Neither he nor the company owed a duty to the fireman to obey a flag stop. The general principle is well enough settled. Akers v. Chicago, St. P., M. & O. Ry. Co. 58 Minn. 540, 544, 60 N. W. 669. It may be conceded that the requested instruction, though the engineer did not testify, might have been given. It accentuated the effect of a situation which the jury might have found from the evidence. The court upon the general question charged this:

"The engineer is not bound under all circumstances to observe warnings of danger which may be given to him by strangers who are in no way associated with the railway company, yet there are circumstances under which the exercise of ordinary care would require that those signals be obeyed, and it is for you to say in this case whether from all the circumstances and conditions shown by the evidence here, the requirements of ordinary care required that the engineer in this instance obey the signals and warnings given him by Walsh in reducing the speed of this train or stopping the train if he had time to do so. If it was his duty in the exercise of ordinary care to observe those signals given to him by Walsh and if he failed to do so then he would be negligent, and if that negligence contributed to the injury to the plaintiff the defendant railway company would be liable therefor."

We are of the view that the instruction sufficiently presented to the jury the law upon this phase of the controversy.

3. The defendant railway company claims that the court committed error in submitting the case as against the individual defendants in that its charge was too favorable to them. Upon this it cannot predicate error. The error if any was against the plaintiff. If it was itself negligent and its negligence was a proximate cause of the injury to the plaintiff, it is not entitled to a reversal because the case was presented to the

jury too favorably to the individual defendants. The plaintiff alone can complain. He cannot be required to relitigate with the railway company because there was error against him and in favor of the other defendants, and if the railway company has ground for relief against them it is not here. See Bakula v. Schwab, 167 Wis. 546, 168 N. W. 378.

4. It is claimed that the damages are excessive. The verdict was for $6,500. The question of damages was fairly presented under appropriate instructions. The trial court does not disapprove the amount of the award. Some of the injuries are definite and undisputed. Others are evidenced by subjective symptoms and involve uncertainty. There is much in the record suggestive of a very considerable exaggeration of his injuries by the plaintiff, but upon a careful consideration we do not find a justification for interference.

Order affirmed.