## JOHN VIKEN v. ELLA DICKSON.[1]

### June 17, 1927.

### No. 26,062.

**Negligence of each party to the action question for the jury.**
 1. In this action to recover for injuries sustained in an automobile collision, the evidence made the issues of negligence and contributory negligence questions for the jury.

**Rule as to action by person confronted by impending danger properly given to jury.**
 2. The court correctly stated the rule applicable where a person acts in an emergency to avoid impending danger, and the facts justified explaining it to the jury.

Motor Vehicles, 28 Cyc. p. 49 n. 46, 47, 49.

Defendant appealed from an order of the district court for Ramsey county, Bechhoefer, J., denying her alternative motion for judgment or a new trial. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.
*Wilbur H. Cherry,* for respondent.

[1]Reported in 214 N. W. 471.

TAYLOR, C.

Plaintiff recovered a verdict for injuries sustained in a collision with defendant's automobile, and defendant appeals from an order denying a motion for judgment non obstante or a new trial.

Defendant contends that the evidence does not justify a finding of negligence on her part, and conclusively establishes contributory negligence on the part of plaintiff. The accident occurred on the River boulevard in the city of St. Paul at a point nearly opposite an inn known as the Hollyhocks. The roadway, 30 feet in width and paved, extends in a northerly and southerly direction. Defendant driving her Franklin coupé was traveling north; plaintiff riding a motorcycle was traveling south. The evidence describing how the accident happened is decidedly contradictory. According to the testimony of defendant and of a relative riding with her, she was proceeding at a moderate rate of speed along the right or east side of the road, and as she was passing or about to pass a car going in the opposite direction plaintiff came from behind this car at a high rate of speed and almost immediately struck her front bumper doubling it in and breaking a light and denting the shell of the motor. Plaintiff was thrown over the hood of the car striking across the curb on the east side of the roadway, and sustained severe injuries. According to plaintiff's witnesses, two cars, about 300 feet apart, were going south on the west side of the road at a speed of 18 miles an hour, and plaintiff going at the same rate on his motorcycle was a few feet behind the first car but nearer the center of the road. Defendant's car shot out past this first car from the west side of the road and collided with the motorcycle. Both plaintiff and the driver of the second car say that the first car shut off their view of defendant's car and that it was not visible until it came past the front of the first car. Plaintiff says it was within about 20 feet of him when he first saw it and that the impact came almost at once. There his account ended.

The Hollyhocks Inn stands back from the roadway of the boulevard about 100 feet and a driveway leads from it to the boulevard. Two ladies who were in a car standing on this driveway and a third who was at the side of this car were facing the boulevard and saw

the accident. According to their account, defendant's car with two occupants came from the south along the east side of the roadway and stopped near this driveway, apparently because they were having difficulty with the car. The car started with a jerky motion and turned to the west side of the roadway, where it again stopped. Then, in the language of one of the witnesses, "it started up very fast and it shot right across to about 'E', when the accident occurred." "E" is the point which the witness had marked on a plat as the place of the collision.

The testimony covers many details which we have not mentioned, but the foregoing is sufficient to indicate why we have reached the conclusion that the issues of negligence and contributory negligence were both for the jury.

Defendant urges that the court erred in giving to the jury the rule applicable where a person suddenly confronted by an imminent peril seeks to escape it. That the rule was correctly stated is not questioned, but defendant insists that no act had been shown to which it could apply. Plaintiff was rendered unconscious, and his testimony as to what happened after he first saw defendant's car covers little more than the fact of the collision. Other evidence, however, shows that he veered to his left and that the collision was on the east side of the roadway. Looking at the situation after the event, we can see that he might have escaped injury if he had veered to his right, or possibly if he had continued straight ahead, but it all happened in the space of a second or two. Although no special reference was made to the emergency phase of the matter during the trial, we see no impropriety in the charge of the court and no resulting prejudice to defendant, for the court explained to the jury that the emergency rule did not apply if plaintiff was in a position of danger as the result of his own negligence. We find no ground for reversal and the order is affirmed.