## FLORENCE ERICKSON v. NORTHLAND TRANSPORTATION COMPANY AND OTHERS.[1]

October 24, 1930.

No. 28,106.

[1]Reported in 232 N. W. 715.

*L. K. Eaton* and *C. W. Ingham,* for appellant.
*Swanson, Swanson & Swanson,* for plaintiff-respondent.
*A. L. Janes, J. H. Mulally* and *Merrill Shepard,* for respondent Northland Transportation Company.

DIBELL, J.

Action to recover damages sustained in an automobile collision. There was a verdict for the plaintiff against Walter P. Tyrholm and B. C. Pulkrabek, copartners as Tee Pee Oil Company, and in favor of the Northland Transportation Company. The Tee Pee Oil Company appeals from the order denying its alternative motion for judgment or a new trial. The defendant Northland Transportation Company is made a party to the appeal.

The plaintiff on August 21, 1929, was a passenger in a motor bus of the defendant Northland Transportation Company driving on a paved road from Brainerd to Ironton. Ahead of the bus was the defendant Pulkrabek driving a truck of the Tee Pee Oil Company in response to a call for service to a wrecked car on the road east of Brainerd. He went about two miles and concluded that he had passed the wreck and decided to return towards Brainerd. When within a short distance of a side road leading into a farm at the north he started across, intending to make use of it in turning back toward Brainerd. He put out his left hand, which was seen by the bus driver, and turned toward or into the left of the road. The bus driver sounded his horn. The Tee Pee company's driver then made an effort to turn to the right so as to get back on the south side of the road, ahead of the bus, and keep going to

the east. He failed. The bus driver, seeing that a collision was imminent, headed into the ditch to the right, the bus skidded to the left, hit the truck, and found itself headed towards Brainerd. The truck was tipped over. In this accident the plaintiff passenger sustained an injury.

The jury might have found the facts as narrated. It could have found either or both of the defendants negligent. It was not required to find the transportation company negligent. We do not say that the jury might not have taken a different view of the facts and returned a verdict for the Tee Pee Oil Company; but there is nothing in the evidence that compelled it to do so. It was all an issue of fact, for the trial of which juries are constituted.

■ The defendant Tee Pee company asked an instruction on the question of emergency when one without negligence is suddenly put in a position of danger. The bus was following at a proper distance behind. The truck driver knew of its presence. He put himself where he was. The rule is without application- Viken v. Dickson, 172 Minn. 1, 214 N. W. 471; 4 Dunnell, Minn. Dig. (2 ed.) § 7020.

■ The plaintiff is satisfied with the result. She does not ask to set aside the verdict against the transportation company. The Tee Pee company is not in position to complain here of the verdict in favor of the defendant transportation company. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533.

■ The verdict was for $3,000. The injuries are described at great length in the evidence, and there is much difference in the medical testimony. The plaintiff was 55 years old. She had a sacro-iliac injury caused or aggravated by the accident, a nervous shock, and perhaps other attendant injuries. The jury under proper instructions considered that her injury was sufficient to justify the award made. It might have been more or less.

Order affirmed.