# EMILIE KUNKEL v. ROY PAULSON.[1]

April 9, 1936.

No. 30,627.

[1]Reported in 266 N. W. 441.

108

*E. L. McMillan,* for appellant.

*William H. Freeman,* for respondent.

Holt, Justice.

At the right-angle intersection of two graveled trunk highways—No. 95, running east from St. Cloud to Princeton, and No. 218, running south from Ronneby to Becker—there was a collision about seven p. m. June 10, 1934, between defendant's Ford sedan being driven south on No. 218 and the Chevrolet coupé of plaintiff's husband being driven east by him on No. 95. Plaintiff was riding in the latter and was seriously injured. The day was clear, and the roads were dry. Plaintiff alleged the collision due to the excessive speed and negligent control by the defendant of his car. Defendant denied that his negligence caused or contributed to the collision and alleged that it was caused by the negligence of plaintiff's husband. The answer also averred that plaintiff by her negligence caused or contributed to her injury; but at the trial it was conceded that no negligence on her part had been proved. There are stop signs on the east and west side of highway No. 95 as it crosses highway No. 218. Both drivers were acquainted with the roads in question. Mr. Kunkel testified that he brought his car to a full stop before entering the intersection, looked in both directions, and, seeing no one approaching, started to cross; that when near the middle, as he shifted into high gear, defendant was upon him, and his car was struck before he could get his foot on the brake. Defendant testified that he was driving at the speed of about 50 miles an hour when 400 or 500 feet from the intersection, then slowed down to about 40 as he approached close to it; that Mr. Kunkel drove at about the same speed; that he could see Kunkel's car all the time; that, when about to enter the intersection, he saw that the Kunkel car was not going to stop, he swung to the left and speeded up to pass around in front thereof but was struck in the attempt.

When the evidence was in plaintiff moved for a directed verdict, the amount thereof to be determined by the jury. And after verdict for defendant, plaintiff moved the court for a new trial as to the amount of damages only, and, in case of a denial thereof, for a new trial on all the issues. A prior trial had resulted in a verdict for defendant.

Plaintiff's contention is that the evidence does not justify the verdict for defendant and that she was entitled to a directed verdict for such damages as the jury might award. It is indeed difficult to see how a jury, accepting defendant's testimony as true, could conclude that his driving was not negligent and did not contribute to cause the collision which resulted in plaintiff's injury. To enter a trunk highway crossing at a speed of 40 miles an hour when for more than 200 feet he has observed a car driven at the same speed approaching, from his right, the same crossing within the same distance as he is, and then, when seeing the approaching car was not going to heed the stop sign, he speeded up to beat that car to it, might be deemed negligence. However, a majority of the court are of the opinion that defendant's negligence is, upon this record, for the jury. But where the evidence brings an issue to the border line between fact and law, it is highly essential that, if submitted to the jury, the instructions fully and clearly state the law applicable to such issue. It is also important in a case of such a borderline issue that the court, when calling attention to a rule of law or statute applicable to the evidence on the one side, does not omit to call attention to the same rule or statute if applicable to evidence on the other side.

There was evidence from which the jury could find that there was a knoll or rise in the ground north of highway No. 95 and west of highway No. 218, extending in either direction for more than 200 feet from the intersection. According to Kunkel's testimony, his view of a car on the right or west lane of travel of highway No. 218 was not had until he came almost into the intersection. Defendant produced testimony that about May 13, 1935, three men with a car experimented as to whether a clear view could be had between two cars approaching this crossing as did the cars in

question on the day of collision, June 10, 1934. This was the experiment: The car was moved back and forth 200 feet from the intersection on both roads, and as the car was so moved the two men would walk back or forth on the other road at a corresponding distance from the intersection. Their testimony makes clear that only the upper part or top of the car was visible at certain points, and also that the eyes of a driver of a car were some eight inches below the level of the eyes of a man walking. To this should also be added the difference in vegetation between May 13 and June 10, which is considerable. In view of that testimony, plaintiff requested the court to read to the jury 1 Mason Minn. St. 1927, §2720-4(b) 3:

"Fifteen miles an hour when approaching within fifty feet and in crossing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and unobstructed view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

We think the error assigned upon the court's refusal to give the quoted part of the statute is well taken, for the jury could upon this record have concluded that as defendant approached this crossing he did not have a clear and unobstructed view of Kunkel's car within the purview of that law. In passing it may be well to call attention to the fact that photographs of the intersection were received in evidence. The testimony was that they pictured the intersection and the parts of these highways thereon shown as of the time of the collision. With reference to these exhibits received in evidence the court made this observation in the charge:

"And with reference to the obstruction of view at the corner, to which some reference has been made, you are not to speculate from looking at the picture as to just what that obstruction might be or might not be. You are to determine whether or no there is an obstruction there from the testimony as given by the witnesses on the stand."

There was no exception to this language before the jury retired, nor any request to charge respecting the value of oral evidence as compared with facts revealed by pictures, so the quotation cannot serve as a ground for reversal. However, the statement of the court tended to disparage the photographs as evidence. This should not have been done. As to some facts a photograph may disclose their existence more truly and reliably than oral testimony touching the same subject, while as to others they may be deceptive. What information the photographs gave was for the jury to determine.

The court was also requested to give to the jury 1 Mason Minn. St. 1927, § 2720-3(a), reading:

"No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property."

We think the request should have been complied with. There was evidence from which the jury could find that defendant violated this statute and thereby caused or contributed to cause plaintiff's injury.

The court at plaintiff's request read to the jury § 2720-4(a), but in a measure destroyed its effect by prefacing the reading with this statement:

"There are certain laws in this state which all drivers of motor vehicles must obey, and one of the laws which may not apply directly to this case, but which I think the court should read to you, relates to the matter of speed and reads as follows:"

Thereupon the statute referred to was read. It was unfortunate that the statute was characterized as of doubtful and indirect application.

One more matter of which plaintiff complains must be alluded to so that it will not occur at another trial. The jury were told that if Kunkel drove into the intersection without coming to a full stop he forfeited his right of way given by statute, but nothing was said concerning defendant's forfeiting any rights if he was found to have violated the speed statute. Kunkel's negligence was no

defense unless defendant established that the collision was caused solely by the negligence of Kunkel.

There are assignments of error upon the rulings in the reception and exclusion of evidence and also in respect of the charge, but they are not of a character to affect the result and are not likely again to arise.

The order is reversed and a new trial awarded.

LORING, JUSTICE (concurring specially).

I agree that there should be a new trial, but I think the record shows conclusively that defendant was guilty of negligence proximately causing plaintiff's injuries and that the new trial should be on the question of damages only.

DEVANEY, CHIEF JUSTICE (concurring specially).

I agree with the view expressed by Mr. Justice Loring.

