## RUBY OLSON v. FRED NEUBAUER AND ANOTHER. MIDWAY GARAGE, APPELLANT.[1]

November 7, 1941.

No. 32,874.

*Weyl & Weyl,* for appellant.

*Sasse, French & Dunnette,* for respondent.

[1]Reported in 300 N. W. 613.

STONE, JUSTICE.

Plaintiff, a passenger in the automobile of defendant Neubauer, was injured when that car collided with a service truck of defendant Midway Garage and a passenger car driven by one Stucky. This is a separate appeal by defendant Midway Garage from the judgment for plaintiff against both defendants.

The collision occurred about one o'clock a. m. on a straight, level stretch of 20-foot paved highway. Visibility was fair, but the concrete was somewhat glazed by ice.

Appellant's truck was parked facing east of south, with about six feet of its body on the pavement and its front wheels on the shoulder. The driver and one Jenson, appellant's night manager, were about to pull a disabled car out of the north ditch.

Jenson had placed flares on the north shoulder some 200 feet east and west of the ditched car. Shortly before the Neubauer car approached, Jenson, with a flashlight, was standing at the rear of the truck directing traffic past the scene. The Stucky car had approached from the west. Jenson stopped it 20 to 30 feet from the truck and directed three westbound cars to pass. He then signaled the Stucky car to proceed.

That was the scene as the Neubauer car came into it from the west. There were five red lights across the top rear of the truck's cab and two taillights. Its headlights were shining into or across the ditch. There were also twin taillights on the Stucky car.

The evidence is that the Neubauer car, traveling about 30 miles per hour, met and passed the last of the three westbound cars some 80 to 90 feet west of the truck. At that moment the Stucky car was moving forward toward the center of the pavement, around Jenson and the rear of the truck. Jenson was waving his flashlight. Neubauer, apprised of the peril too late, failed in his attempt to avert collision by passing between the truck and the Stucky car. He first crashed into the truck and then the Stucky car.

There is a charge of negligence grounded upon appellant's failure to warn Neubauer of the dangerous situation properly and in time. Appellant's claim is that it was guilty of no negligence or that,

regardless, there was none which was the proximate cause of plaintiff's injuries. For the latter contention, reliance seems to be placed upon the principles of such cases as Goar v. Village of Stephen, 157 Minn. 228, 196 N. W. 171, and Peterson v. Martin, 138 Minn. 195, 164 N. W. 813, to the effect that negligence as proximate cause is precluded by the intervention of an efficient, independent force.

There is merit in the argument that the nine variously colored lights across the road would justify a conclusion that Neubauer was given all notice of the peril which reasonable care could demand. If so, his negligence in not heeding the warning could be considered sole proximate cause of the collision. But there is an opposed inference, implicit in the verdict, which is also reasonable.

The action, viewed in retrospect, is cinematic and rapid. As Neubauer came over a rise one-third of a mile to the west, he had come through intermittent fog and suddenly faced the three westbound cars whose headlights and bodies, the jury could have found, obscured or impaired his view of objects ahead, including the westerly flare. He passed the last of those cars only some 80 feet west of the truck. The Stucky car, as Neubauer came closer, proceeded from its halted position in the south lane to pass the truck and Jenson. It may well have blocked for an important moment Neubauer's view of the lights of the truck and Jenson's flashlight. In the words of Stucky, the crash occurred "just a second or two" after Jenson "signalled me to start and * * * stepped back of my car." Until then, the Stucky car, with its double taillights, was in the south and proper lane, giving notice of nothing unusual save that it was stopped.

The conduct of appellant is to be judged by the standard set by the circumstances of the moment. They made the situation perilous in the extreme and demanded a degree of care commensurate thereto. We are unable to say that the jury could not reasonably have inferred that appellant's conduct was negligent in two respects.

While the statute does not explicitly require otherwise, the flare placed by Jenson west of the accident was on the north rather than the south shoulder. Obviously, it would have been much more adequate warning to eastbound traffic had it been placed on the south shoulder. In addition is the fact that Jenson, appellant's employe, had for the moment assumed control of the traffic, and the evidence permits the inference that he could have held the eastbound traffic, headed by the Stucky car, for some time longer so that the three westbound cars would not have obscured the danger, as very probably they did.

Inasmuch as the jury's finding of appellant's negligence is sustained, there is no need for separate discussion of the question of proximate cause. If there was negligence by appellant, it was concurrent with that of Neubauer, who was held jointly liable with appellant. Once the question of the concurrent negligence of two defendants is affirmed, as it is by a verdict, there is no room under the circumstances for further argument on the question of causation.

■ The jury was given as part of the charge that section of the highway traffic regulation act requiring the use of flares, lanterns, or other signals "whenever any motor truck or tractor or bus is disabled during the period when lighted lamps must be displayed on vehicles and such motor truck cannot immediately be removed from the main traveled portion of a highway." Mason St. 1940 Supp. § 2720-264(b). At the same time the charge told them that "the exact wording [of the statute] does not seem to apply to the wrecker." And the judge left to the jury as a fact question "whether the statute applies."

If that was error, it was without prejudice, because as applied to this situation the standard of the statute is no less than that of any conceivable measure of due care. Jurors are well within their function if they hold that each of the distant flares is to be placed on the shoulder next to the lane of approaching traffic. While the "exact wording" of the statute may not fit the case, the spirit and purpose of the statute do cover it too plainly for

debate. The judge should have said so to the jury without any leave given them to conclude otherwise.

■ There is a subsidiary question of procedure, raised by the motion of defendant Neubauer to dismiss the appeal of his codefendant upon the ground that no notice of appeal was served on Neubauer. That motion is denied because codefendants in the status and relationship to each other of the present defendants are not adversary parties within the meaning of Mason St. 1927, § 9492, requiring service of a notice of appeal to this court "on the adverse party." Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Hardware Mut. Cas. Co. v. Anderson, 191 Minn. 158, 253 N. W. 374.

It has been suggested that there is too much of the archaic in that rule because too often it prevents decision of all the issues, those between defendants as well as those between plaintiff and defendants, in one action. See Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173. But that rule is one of long standing. Absent adequate rule-making power in this court, change should come from legislative rather than judicial action.

Affirmed.