JACK S. NORTON v. KENNETH E. NELSON AND OTHERS.
FRANK ANSELMO, APPELLANT.[1]

March 21, 1952.

No. 35,625.

[1]Reported in 53 N. W. (2d) 31.

*Freeman, King, Larson & Peterson* and *Robert L. Hoppe,* for appellant.

*Carl E. Erickson,* for plaintiff respondent.

*Sexton, Tyrrell & Jardine,* for defendant respondents.

CHRISTIANSON, JUSTICE.

This action arises out of a head-on collision between an automobile owned by defendant Vernon C. Nelson and operated by defendant Kenneth E. Nelson, as his agent, in which plaintiff was a passenger, and an automobile owned and operated by defendant Frank Anselmo. Plaintiff had a verdict against all defendants. From an order denying his alternative motion for judgment or a new trial, defendant Anselmo appeals.

Viewing the evidence in the light most favorable to the verdict, as we must, the following facts appear: The collision occurred on July 23, 1950, at approximately 7 p. m., at the junction of trunk highways Nos. 210 and 169 in Aitkin county. Highway No. 169 runs generally north and south and is intersected from the east by highway No. 210. The two highways join at Aitkin, Minnesota,

and continue north as one highway to the so-called Hassman corner, where highway No. 210 curves to the right and continues east to Duluth, whereas highway No. 169 continues north to Hill City and Grand Rapids, Minnesota. The Anselmo automobile was proceeding north on highway No. 169, and the Nelson car was traveling in a westerly direction on highway No. 210 prior to the collision.

Going north from Aitkin, the surface of the two highways is concrete and is 22 feet wide, with two lanes, one for northbound and the other for southbound traffic. After highway No. 210 continues east to Duluth from the Hassman junction, it is also a two-lane paved highway. However, at a point about 100 yards south of the turnoff to Duluth, highways No. 169 and No. 210 have been widened into a three-lane highway by the addition of a third lane, making the concrete surface 33 feet wide. The added lane is to the east of the regular two lanes. The three lanes continue around the curve to the right at the Hassman junction as highway No. 210 leaves highway No. 169 and continues for about a quarter of a mile east toward Duluth.

The view of a driver approaching the junction on either of the highways is unobstructed. Highway No. 210 intersects No. 169 in the form of a Y. The left arm of the Y leads south to Aitkin, whereas its right arm leads north to Hill City and Grand Rapids on No. 169. There is a stop sign on No. 210 about 20 to 30 feet east of highway No. 169. There is also a yellow warning sign 200 to 300 yards back from the stop sign, and there is a sign located at a point east of the junction indicating the direction to Aitkin.

It had been raining off and on the day of the accident. Although the surface of the highway was wet, it was not raining at the time of the collision, and it was still daylight. Defendant Anselmo testified that he was driving north on highways No. 210 and No. 169 at a speed of 50 miles per hour. He had encountered rain just before reaching the Hassman junction, and his windshield wipers were in operation at the time of the accident. When he was about 200 paces south of where highway No. 210 turns east to Duluth, he said that he slowed down to 40 miles per hour. He then saw

the Nelson car approaching from the east. It was about 200 paces from the point of impact at the time, and it had not quite started into the Y. There was another car following the Nelson car entering on the other lane going north to Grand Rapids. Anselmo took his eyes off the Nelson car for just a matter of seconds and watched this car to see what it was going to do. He applied his brakes when he observed that the Nelson car was not going to stop. Each car was then about 100 paces from the point of impact. The Nelson car was traveling 40 miles per hour. Anselmo put on his brakes as hard as he could, but his car slid ahead on the wet pavement. He said that after the brakes were applied he had no steering control over his car, and he collided head on with the Nelson car at the junction. There were 90 feet of skid marks from the Anselmo automobile extending in a straight line for one-half to two-thirds of their total distance and then curving for a distance of over 10 to 20 feet into the west lane of highway No. 169. Plaintiff was severely injured, and both automobiles were substantially damaged as a result of the impact.

Defendant Kenneth E. Nelson testified that before making the trip in question he had never driven over this highway, and that as he drove west on highway No. 210 he saw the sign indicating a left turn to Aitkin, his intended route. He stated that in following the turn to the left at the Y he figured that he was on the main road and that automobiles coming into the highway from any other road should stop. He first saw the Anselmo car when it was about 400 feet from his car. He slowed down for the corner and entered the turn at a speed of not more than 35 miles per hour. He saw the Anselmo car approaching, but did not pay particular attention to it. He testified that the Anselmo car seemed to come "up out of nowhere pretty fast," and that he endeavored to turn out of its path when he realized it was coming so close that there might be a collision. He did not apply the brakes on his automobile before the impact.

■ Since defendants Nelson have not appealed, the principal issue presented is whether the evidence supports the jury's verdict

against defendant Anselmo.  The finding of negligence on Anselmo's part is predicated on excessive speed at the intersection, failure to keep a proper lookout, and failure to use due care after he observed that the Nelson car was not going to stop for the stop sign.  Anselmo contends that no negligence on his part was shown and that the evidence conclusively established that defendant Nelson's negligence was the sole and proximate cause of plaintiff's injuries; therefore, that it was error for the trial court to deny his motions for a directed verdict and for judgment notwithstanding the verdict.

Under M. S. A. 169.14, subd. 3,[2] Anselmo was required to drive at an appropriate reduced speed when special hazards existed by reason of weather or highway conditions and when approaching and crossing an intersection.  As previously stated, the pavement on which he was driving was wet.  His windshield wipers were in use, as he had encountered rain shortly before the collision.  He testified that he had been driving at a speed of 50 miles per hour and that he reduced his speed to 40 miles per hour as he approached the intersection.  When he noticed that the Nelson car was not going to stop, he applied his brakes as hard as he could.  His automobile was 100 paces, or roughly 300 feet, from the point of collision when the brakes were applied.  The Nelson car was then about the same distance from the point of collision.  The brakes on Anselmo's car locked, and it slid ahead into collision with the Nelson car.  Both cars were badly damaged.  The Anselmo car left skid marks on the pavement measuring 90 feet in length.

Since Anselmo could not stop his car in 300 feet after learning that the Nelson car was not stopping for the stop sign, it was permissible for the jury to find that he was traveling in excess of 40 miles per hour and that he was not driving at the appropriate reduced speed required by the statute.  The jury was not bound to

---

[2]"The driver of any vehicle shall, *consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection* * * *, *and when special hazards exist* * * * *by reason of weather or highway conditions.*"  (Italics supplied.)

accept his testimony as to his speed. It could conclude from the character of the damage to the respective automobiles that he approached and entered the intersection at a greater speed than he admitted. Whether he was traveling at an unlawful speed at the time was a question of fact for the jury.

If Anselmo was driving at an unlawful rate of speed, he forfeited his right of way. § 169.20, subd. 1; Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420. A speed greater than is reasonable and proper is unlawful. Johnston v. Selfe, 190 Minn. 269, 251 N. W. 525. As stated in the Dose case (231 Minn. 98, 42 N. W. [2d] 426):

"The right of a driver on a through highway to assume that another driver approaching on an intersecting highway will heed the stop sign is not absolute. It exists only where the first driver is traveling at a lawful rate of speed and is lost entirely if the driver on the thoroughfare is traveling at an unlawful speed. In any event, the jury might well have found that the surrounding circumstances would give notice to a person of ordinary prudence that the warning of the stop sign might be ignored. If so, the driver should act accordingly and take appropriate precautions. *The statute requiring reduced speed at intersections bespeaks precaution, even from those having the right of way.* Johnston v. Selfe, 190 Minn. 269, 251 N. W. 525; Kunkel v. Paulson, 197 Minn. 107, 266 N. W. 441." (Italics supplied.)

Anselmo was also required to keep a proper lookout and to use ordinary care to avoid the collision. As he neared the Hassman junction, he observed two cars approaching from the east on highway No. 210. The first of these cars was the Nelson car, traveling at 40 miles an hour. Behind it was a car which turned to the right on the lane leading from highway No. 210 to highway No. 169 in the direction of Grand Rapids. Anselmo took his eyes from the Nelson car for a matter of seconds. The zone of danger nearest him was the curve leading to Duluth. The car on the Grand Rapids lane would be in the zone of danger farthest from him.

Whether Anselmo kept a proper lookout and whether closer attention to the Nelson car would have enabled him to discover that it was not stopping at an earlier time, and thus would have given him an opportunity to avert the collision, were also questions of fact for the jury.

Furthermore, the jury could reasonably find that after discovering the danger of the oncoming Nelson car Anselmo failed to use due care to avoid the collision. He saw that the Nelson car was not stopping for the stop sign. He could not drive ahead in the hope or assumption that the driver of the Nelson car would stop or turn out. As stated in Haeg v. Sprague, Warner & Co. Inc. 202 Minn. 425, 428, 281 N. W. 261, 262:

"* * * it is not due care to depend upon the exercise of care by another when such dependence is itself accompanied by obvious danger."

Anselmo was driving in the middle lane of the three lanes of highways No. 169 and No. 210 as he neared the point where highway No. 210 curved toward Duluth. This was the proper lane for traffic intending to continue north to Grand Rapids. However, to his right there was the added third lane, 11 feet wide, which also curved toward Duluth. This lane was open and free of traffic; and, had Anselmo turned to the right around the curve, the collision could have been avoided. He chose to drive straight ahead rather than attempt to turn to the right. The only explanation he gave for not doing so was that "at that speed I wondered if I would take that curve." Having observed the danger approaching him, it was Anselmo's duty to exercise due care to avoid the impending collision. Cf. Kime v. Koch, 227 Minn. 372, 377, 35 N. W. (2d) 534, 537.

The case of Olson v. Anderson, 224 Minn. 216, 28 N. W. (2d) 66, relied upon by appellant is distinguishable from the case now before us. There, plaintiff's driver was proceeding along an arterial highway at a speed which was prima facie lawful at the time and under the road and weather conditions prevailing. A dense grove

prevented him from seeing the other car until it projected into the road in front of him in violation of the stop sign. Upon seeing defendant's vehicle, plaintiff's driver immediately applied his brakes and sought to avoid the collision. Since plaintiff's driver did not have either the time or space within which to avoid the collision, we held, as a matter of law, that he was free from negligence.

In the instant case, although the weather was wet and the roadway slippery, Anselmo's view was unobstructed. The terrain was open and level over a wide area. He saw and was aware of the Nelson car, its approach, and failure to comply with the stop sign for a sufficient period of time to avert the collision had he been driving at an appropriate reduced speed and had he had proper control of his automobile. Under these circumstances, we conclude that the evidence, as a whole, reasonably tends to support a finding of negligence on Anselmo's part and that such negligence was a contributing proximate cause of the collision.

■ The failure to drive at an appropriate reduced speed in compliance with § 169.14, subd. 3, constitutes driving at an *unlawful* speed under § 169.20, subd. 1. Since there was evidence from which the jury might find that Anselmo was not driving at an appropriate reduced speed in view of the special hazards presented and the fact that he was approaching and crossing an intersection, it was proper for the trial court to instruct the jury that the driver of a motor vehicle traveling at an unlawful speed forfeits any right of way which he otherwise would have under the statute.

Affirmed.

Upon Petition for Rehearing.

On April 18, 1952, the following opinion was filed:

Per Curiam.

Defendant Anselmo has petitioned for rehearing on the ground that this court failed to pass upon his contention that defendants Nelson were negligent as a matter of law and that the trial court erred in not instructing the jury accordingly.

These questions were not properly presented by defendant Anselmo's assignments of error. See, 1 Dunnell, Dig. & Supp. § 363. Moreover, since the jury found defendants Nelson negligent, and since plaintiff and defendants Nelson, not having appealed, apparently are satisfied with the results of the trial, it is unnecessary for us to consider either of these questions. To do so would be obiter dictum. The rights and liabilities of the defendants *inter se* were not litigated at the trial by cross claim or otherwise. Accordingly, even if error in this respect be assumed, defendant Anselmo is in no position to complain. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533; Erickson v. Northland Transp. Co. 181 Minn. 406, 232 N. W. 715; Olson v. Neubauer, 211 Minn. 218, 300 N. W. 613; McGillivray v. G. N. Ry. Co. 145 Minn. 51, 176 N. W. 200. See, Bunge v. Yager, 236 Minn. 245, 52 N. W. (2d) 446.

Petition for rehearing denied.