ROBERT MERRILL, TRUSTEE FOR HEIRS AND NEXT OF KIN OF LENA L. MERRILL, v. ORVILLE KJELGREN.

160 N. W. (2d) 155.

June 21, 1968—Nos. 40,870, 41,074.

*Garrity, Cahill, Gunhus, Streed & Grinnell,* for appellant.
*Curtis L. Charlson,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

In this action for death by wrongful act, defendant appeals from an order of the district court denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Numerous errors are asserted, only one of which is of sufficient substance to require discussion; that relates to defendant's claim that plaintiff's decedent was negligent as a matter of law in making a left-hand turn into the path of defendant's oncoming automobile.

The accident which gave rise to this lawsuit occurred on June 14, 1966, at about 1 p. m. in a rural area. The day was clear and driving conditions were favorable. Plaintiff's decedent, Lena L. Merrill, and her 12-year-old son, Richard, were proceeding in their automobile west

on Highway No. 1, which is a tarvia road 26 feet in width. At the same time defendant, Orville Kjelgren, was approaching from the opposite direction in his automobile. In preparation for a left-hand turn into a neighbor's driveway, decedent activated her left-turn signal. As she was turning and when her automobile was at least 8½ feet across the centerline of the highway, the collision occurred. As the left turn was being negotiated by decedent, her son heard the loud screeching of the brakes of defendant's car. As a result of the collision, Mrs. Merrill, age 50, was killed and both of the cars were completely demolished. Neither Richard Merrill nor defendant were critically injured. The locations of the vehicles when they came to rest tell something of the force of the impact at the time of the collision. The Merrill car was propelled 59 feet 9 inches east or directly back down the highway from the location of the debris which marked the place of the collision. A mailbox on the driveway was knocked down after being hit by defendant's vehicle. Defendant's car came to rest 46 feet 9 inches east of the debris.

The only eyewitness testimony as to speed and distance came from defendant Kjelgren. He testified that Mrs. Merrill's car was 400 to 600 feet away from the driveway when he first saw it; that at that time he was proceeding at a speed of about 60 to 65 miles per hour and they were both about the same distance from the driveway. He testified that Mrs. Merrill slowed down before she turned left. It was his testimony that he was proceeding about 30 to 40 miles per hour at the time of the impact and that Mrs. Merrill's car was proceeding at a speed of about 25 to 35 miles per hour. It was not until he was 40 to 50 feet from the point of impact that he was aware that she was going to make the left turn. The skid marks of defendant's car indicated that he applied his brakes 146 feet from the point of impact, a circumstance which is difficult to reconcile with defendant's statement that he was 40 feet from the point of impact when he first realized that a collision was imminent. It may also be added that defendant's eyesight was admittedly defective but that he was wearing corrective glasses at the time of the accident. It also appears from the record that Mrs. Merrill did not have a driver's license. The trial court in his memorandum stated:

"There was no evidence that she was an incompetent driver but like

many other women (and some men, too) she did not like to drive in a city."

It would appear that she avoided driving her car in congested areas and limited her driving to the farm and neighborhood. She made a practice of regularly driving and operating farm trucks and tractors.

The trial court was of the view that the jury could well have found, from all the circumstances, that defendant at the time and place of the accident was operating his automobile at an unlawful and excessive rate of speed, which would result in the forfeiture of any right-of-way which he may otherwise have had. Anderson v. Mid-Motors, Inc. 256 Minn. 157, 98 N. W. (2d) 188; Minn. St. 169.20, subds. 1 and 2. See, also, Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026, 21 A. L. R. 964. The trial court also expressed the view:

"The jury could well have found defendant failed in the essential duty of keeping a lookout and that if he had not so failed he would have had ample time to slow down instead of proceeding at a speed that caused the complete demolition of both cars besides killing Mrs. Merrill."

■ In fixing fault, the jury had to rely largely upon the physical facts and circumstantial evidence surrounding the accident. The testimony of the 12-year-old boy, while definite as to the facts of the left turn and the activation of the turn signal, was of no help to the jury with reference to speed and distances. The testimony of defendant was not wholly consistent and was not such that the jury was required to accept it. It seems to us under the circumstances of this case, as it appeared to the trial court, that the physical facts and circumstantial evidence, including the markings on the highway, the position of the cars after impact, and the distances the automobiles were thrown from the force of the collision, are such as would satisfy reasonable minds that the accident resulted from the negligence of defendant. The jury was not bound to accept defendant's testimony as to his speed. It could well conclude from the character of the damage to the respective automobiles that he approached the intersection at a greater speed than he admitted. Whether he was traveling at an unlawful speed and whether he maintained a proper lookout were questions of fact for the jury. McMillen v. Meyer, 246 Minn. 132, 74

N. W. (2d) 393; Norton v. Nelson, 236 Minn. 237, 53 N. W. (2d) 31; Coble v. Lacey, 252 Minn. 423, 90 N. W. (2d) 314; 8B Dunnell, Dig. (3 ed.) § 4164e(20); 13B Dunnell, Dig. (3 ed.) § 7056g.

■ Nor can we say that the evidence required a finding of contributory negligence on the part of decedent as a matter of law. The jury was properly instructed with reference to the provisions of Minn. St. 169.19, subd. 4, governing the conduct of a person turning a vehicle at an intersection or turning to enter a private road or driveway. The burden of establishing decedent's contributory negligence rested upon defendant. There is no evidence that she was driving at an excessive rate of speed; that her car was not under proper control; or that she failed to signal as required by statute. On the contrary, there was evidence that she approached the intersection at a lawful rate of speed; that she properly signaled her intention to turn; and that, rather than having turned abruptly into the pathway of the oncoming car, she made a gradual turn which defendant could not have failed to observe. While it is true that a driver of a vehicle intending to make a left turn at an intersection is required to yield the right-of-way to a vehicle in the intersection or so close thereto as to constitute an immediate hazard (§ 169.20, subd. 2), there is no evidence which would require the conclusion that plaintiff acted in violation of that statute as a matter of law. It seems to us that the jury could find here that decedent had a right to assume that defendant would approach at a lawful rate of speed and would keep his automobile under control and maintain a careful lookout in view of all the surrounding conditions. Decedent could well have determined that because of the obligations thus imposed upon defendant there was ample time to make the left turn before defendant arrived at the intersection. Under the circumstances, her failure to anticipate that defendant would approach the intersection at an excessive rate of speed would not constitute negligence as a matter of law. It is well established that it is only where the evidence of contributory negligence is so clear and conclusive as to leave no room for differences of opinion among reasonable men that a court may enter upon the province of a jury in determining this issue. Bielinski v. Colwell, 242 Minn. 338, 65 N. W. (2d) 113.

Affirmed.